The State v. Young.

## The State v. Young, *Appellant.*

DIVISION TWO.

1. **Criminal Practice**: DEFENDANT AS A WITNESS : INSTRUCTION. An instruction in a criminal case is proper which tells the jury that in determining what weight should be given the defendant's testimony they *should* consider the fact that he is the party accused and on trial. (*State v. Cook*, 84 Mo. 40, *affirmed.*)

2. —— : WIFE AS WITNESS : INSTRUCTION. It is also proper to instruct that the jury, in considering the credibility of defendant's wife as a witness, the fact that she is his wife *should* be taken into consideration.

3. —— : REASONABLE DOUBT : INSTRUCTION. An instruction that a reasonable doubt must be a "substantial, well-founded doubt," while not proper, will not cause a reversal of the judgment.

4. —— : —— : ——. It is not error to refuse to charge a jury that it cannot convict if *any one* of them has a reasonable doubt.

5. —— : EVIDENCE. Evidence of an oral statement made by the accused is not rendered incompetent by the fact that it was afterwards repeated by him and reduced to writing.

6. —— : REMARKS OF JUDGE. The remark of the trial judge in regard to his ruling, that, "if there is any error committed, there is a higher court," will not be deemed prejudicial error.

7. —— : REMARKS OF STATE'S ATTORNEY. Language of the state's counsel used in his argument to the jury condemned, but not deemed of a character to require a reversal.

*Appeal from LaFayette Criminal Court.*—HON. J. E. RYLAND, Judge.

AFFIRMED.

*John S. Blackwell* for appellant.

(1) The court committed error in permitting the witness, W. R. Jackson, to testify as to an alleged confession or statement, alleged to have been made by defendant to said witness in the mayor's office in the town of

Corder. *First.* Because it was claimed by said witness that said statement, confession · or conversation, was reduced to writing, signed by defendant and witnessed by said witness Jackson and one J. M. Livengood. *Second.* Because said written statement was then in the hands of the state, and in court, and that said written statement was the best evidence. 1 Greenleaf, Evidence [Redfield Ed.] secs. 82, 83, 84, 85, and notes and cases cited ; *Price v. Hunt,* 59 Mo. 258 ; *Farrell's Adm'r v. Brennan's Adm'r,* 32 Mo. 328; *Carr v. Carr,* 36 Mo. 408 ; *Golson v. Ebert,* 52 Mo. 260 ; *Hardin v. Lee,* 51 Mo. 241; *Phillipson v. Bates,* 2 Mo. 116 ; *Graham v. O'Fallon,* 3 Mo. 507 ; 1 Bishop, Criminal Procedure [3 Ed.] secs. 1046 and 1080. (2) The language of the judge, that, "if there is any error committed, there is a higher court," was prejudicial to the appellant, and constitutes grounds for reversal. 1 Thompson on Trials, secs. 218, 219 ; *State v. Fickel,* 13 Nev. 502 ; *People v. Bonds,* 1 Nev. 33 ; *State v. Ah Tong,* 7 Nev. 148 ; *State v. Harkin,* 7 Nev. 381 ; *McMin v. Whelan,* 27 Cal. 300 ; *Long v. State,* 12 Ga. 295. (3) The court below erred in giving instructions for murder in the first degree. *State v. Holmes,* 54 Mo. 153 ; *State v. Underwood,* 57 Mo. 40 ; *State v. O'Hara,* 92 Mo. 59. (4) The court below erred in giving the instructions, numbered 16 and 17, on the part of the state. Instruction 16 went to the credibility of defendant's testimony, and instruction 17 went to the credibility of the testimony of the wife of the defendant. R. S. 1889, sec. 4220 ; R. S. 1889, sec. 4218 ; *State v. Cook,* 84 Mo. 40 ; *State v. Bell,* 70 Mo. 633 ; *State v. Anderson,* 19 Mo. 241 ; *State v. Shoenwald,* 31 Mo. 147 ; *State v. Hundley,* 46 Mo. 414; *State v. Smith,* 53 Mo. 267 ; 1 Thompson on Trials, secs. 1037, 1038, p. 810 ; *Cloudy v. Railroad,* 85 Mo. 79 ; *State v. Kinney,* 81 Mo. 101. (5) The court erred in not giving instruction, numbered 3, asked for by defendant. 1 Thompson on Trials, sec. 2494 ; *Castle v. State,* 75 Ind. 147 ; *Clem v. State,* 42 Ind. 420 ; *State v. Witt,* 34 Kan. 488. (6)

The court below committed serious error in permitting
Ben T. Hardin, Esq., while "using this prosecution and
this occasion as a vacation," in his closing argument to
the jury, and, without rebuke or correction, to abuse
the privilege of argument, to go outside of the law given
by the court to become a witness in the case, and to
volunteer evidence and statements to the jury which
would have been incompetent as evidence, even had said
Hardin been sworn and offered as a witness.

*John M. Wood*, Attorney General, for the State.

(1) There were no errors committed in the admis-
sion or exclusion of testimony which tended to preju-
dice the substantial rights of the defendant, or which
will justify a reversal. *State v. Holmes*, 54 Mo. 160;
*State v. Grate*, 68 Mo. 22. (2) The remarks of counsel
in his closing argument were not such as to justify a
reversal. *State v. Zumbunson*, 86 Mo. 111; *State v.
Emory*, 79 Mo. 461. (3) There was no error in per-
mitting Mr. Hardin to assist in the prosecution, or to
make the closing argument. *State v. Sweeney*, 93 Mo.
38; *State v. Griffin*, 87 Mo. 608; *State v. Hamilton*, 55
Mo. 520; *State v. Stark*, 72 Mo. 37. (4) *First.* The first
instruction, as to murder in the first degree, is correct.
*State v. Thomas*, 78 Mo. 327; *State v. Talbott*, 73 Mo. 347;
*State v. Gee*, 85 Mo. 647. *Second.* In the second the
technical terms are properly defined. "Deliberately" is
defined as it was in the case of *State v. Ellis*, 74 Mo.
207. See, also, *State v. Kotovsky*, 74 Mo. 247. The terms
"wilfully," "premeditatedly" and "malice afore-
thought" are defined as in the cases above cited.
"Malice," as here defined, is sustained by the decisions
of this court in *State v. Hays*, 23 Mo. 287; *State v.
Wieners*, 66 Mo. 13; *State v. Talbott*, 73 Mo. 347; *State
v. Brooks*, 92 Mo. 542. *Third.* The sixth instruction,
relative to drunkenness, is sustained by what was said
by this court on that subject when the case was here

before. 99 Mo. 666. *Fourth.* The seventh and eighth instructions given on the part of the state were the counterparts of instructions given on the part of the defendant, and were correct, relative to reasonable doubt. *State v. Talbott,* 73 Mo. 347; *State v. Thomas,* 78 Mo. 327; *State v. Jones,* 86 Mo. 627; *State v. Gee,* 85 Mo. 647. *Fifth.* The eleventh instruction is a literal copy of an instruction which was approved in the *Talbott case, supra. Sixth.* No error was committed in giving the fourteenth instruction on the part of the state. *State v. Griffin,* 87 Mo. 608; *Murray v. Boyne,* 42 Mo. 472; *State v. Branstetter,* 65 Mo. 153; *State v. Elliott,* 98 Mo. 150. *Seventh.* The sixteenth and seventeenth instructions were approved by a majority of this court when the case was here before. *Eighth.* No error was committed in refusing to give instruction, numbered 3, prayed for by defendant. Instructions upon that subject, both on the part of the defense and the state, had been given, and it was a mere repetition, and properly refused. *State v. Walton,* 74 Mo. 270; *State v. Smith,* 80 Mo. 516.

GANTT, P. J.—The defendant was indicted in the LaFayette criminal court, March term, 1888, for murder in the first degree, for the alleged stabbing and killing of one Stephen Ferguson, at Corder, LaFayette county, Missouri on the night of December 10, 1887.

He was tried at the March term, 1889, convicted of murder in the first degree and sentenced to be hung. From that conviction, an appeal was prosecuted to this court, and upon a hearing the judgment was reversed and the cause remanded. *State v. Young,* 99 Mo. 666. At the adjourned March term, 1890, of the criminal court of LaFayette county, defendant was again tried on the said indictment, and was again convicted of murder in the first degree. From this second conviction and sentence, the present appeal is taken. The evidence is substantially the same as in the first trial.

The learned counsel for the defendant urges that the trial court committed error in instructing the jury, that the defendant could be convicted of murder in the first degree under the evidence. We think it was the province of the jury to fix the grade of the offense. They alone could say that the defendant stabbed the deceased, and when they found that fact, we think there was evidence from which they could find that the killing was wilful, deliberate and premeditated and of malice aforethought. Two juries have found against defendant on these same facts; and when there is evidence sufficient to authorize the verdict, and the jury are properly instructed, we think it is our duty to affirm the sentence.

The learned counsel renews his attack upon the instructions, numbered. 16 and 17, given by the trial court. They are the same instructions that were discussed and condemned by Judge SHERWOOD in the fourth paragraph of his opinion when this cause was here before; but, as stated by him, no other member of the court concurred in that paragraph. The propriety of giving such an instruction, as these, was fully considered in *State v. Cook*; 84 Mo. 40, the opinion of the majority of the court by Hon. ALEXANDER MARTIN, Commissioner, approved the instruction, and the opinion of the minority, by Judge DEARMOND, Commissioner, condemned it.

Cogent and plausible as the separate opinions of Judge SHERWOOD in this case, and of Judge DEARMOND in the *Cook case* are, we think the rule as announced by the majority ought to be regarded as settled. And while we regard it as salutary to follow decisions when they have been fully considered, and agreed upon, and might well content ourselves with affirming these instructions on the authority of these two decisions, yet we are of opinion that Judge MARTIN in *State v. Cook* answered the objections to these instructions, and sustained them upon principle.

It was competent for the state, when it removed the common-law disability of a defendant to testify in his own behalf, to restrict this right, and in our opinion this was the intention of the legislature when it provided that "any such fact (viz., the fact that he was the defendant on trial) may be shown for the purpose of affecting the credibility of the witness." It seems clear to us that the legislature did not intend to place the defendant on the plane of a disinterested witness, against whom there was no charge. While the defendant may testify, still the consideration of self-interest, the motive to preserve himself, is so great, that no thoughtful person would think of attaching the same credit to his evidence, that would be given a witness who was unaffected by interest. The law attaches this infirmity to the evidence of the defendant and his wife, and, in reminding the jury of this, the court is simply instructing the jury in the law of the case, and performing its legitimate function.

. Defendant also complains that the court added to the usual formula of a reasonable doubt, that it must be a substantial, *well-founded doubt.* This instruction has never been approved by this court. It is true it has said it was not sufficient to *reverse* a case. The evident disapproval of this court does not seem, however, to deter the trial courts from giving it. *State v. Owens,* 79 Mo. 619. We do not understand why the trial courts should hesitate to give any defendant in any criminal case the benefit of a reasonable doubt. As was said in *State v. Owens,* 79 Mo. 619, "the reasonable doubt which the law throws round the accused is a humane and beneficent rule in favor of life and liberty, and is too sacred to be whittled away by the encroachments of qualifying expletives." While we will not reverse the case for this, we think the instruction should be given without the words "real" and " well founded." · They are misleading.

Defendant also assigns as error the refusal of his instruction, numbered 3, which is as follows: "The defendant is in law presumed to be innocent until his guilt is established by such evidence as will exclude every reasonable doubt; therefore, the law requires that no man shall be convicted of a crime until each and every one of the jury is satisfied by the evidence in the case, to the exclusion of every reasonable doubt, that the defendant is guilty as charged. So, in this case, if the jury entertain any reasonable doubt of the defendant's guilt they should acquit him; or, if they entertain any reasonable doubt as to whether he was excusable and justifiable in the acts complained of, if he committed them, they should acquit him; or, if any one of the jury after having duly considered all the evidence, and after having consulted with his fellow jurymen, should entertain such a reasonable doubt, the jury cannot in such case find the defendant guilty."

This instruction is unquestionably the law of criminal trials, and had the court not already given full and ample instructions on reasonable doubt, it would have been error to refuse it.  The particular clause, however, which defendant desired, was that which told the jury that "if *any one* of the jury had a reasonable doubt of defendant's guilt, then the jury could not find him guilty." Now the court had already, at defendant's request, told the jury that defendant's guilt could not be arrived at by "guessing, compromises or casting lots," all of which necessarily implied that each juror must be satisfied, and agree to the verdict.  But, without this, we think it is an unnecessary reflection upon jurors to say that they are so ignorant that they do not understand that each juror must be convinced of defendant's guilt.  So universally is this conceded, that in the whole range of criminal trials in this state, no one has ever before thought it necessary to embody the idea in an instruction.  And while no harm could possibly come from giving it, we do not think its refusal could possibly

have prejudiced the defendant's case. The defendant could have polled the jury and ascertained exactly how each one stood on this question. The cause cannot be reversed for this action of the court in refusing it.

There was no error in admitting the evidence of Jackson as to the conversations with defendant. The fact that a subsequent statement was made and reduced to writing by Livengood cannot affect the admissibility of the evidence of Jackson. Indeed, it was to defendant's advantage that he had the right to cross-examine this witness.

Counsel for defendant complains of the remark of the trial judge, that, "if there is any error committed, there is a higher court." While it was wholly unnecessary for the judge to make such a remark, it is hard to conceive how it could have prejudiced defendant. The criminal court was a court of original jurisdiction. It was exercising that jurisdiction, and it was not at all necessary to apologize to counsel for its judgment or rulings. If it committed error, counsel for defendant understood his rights, and no juror, worthy of the name, is so ignorant but that he is fully aware that an appeal lies from the criminal court to this court. This remark is not obnoxious to the criticism made by this court upon the speech of the prosecuting attorney in *State v. Kring*, 64 Mo. 591. The jury here were not called upon in any manner, nor do we think they were in any way affected by it.

This brings us to consider the last objection urged by the counsel for defendant. He rightly complains of the zeal of the special counsel, B. T. Hardin, in his address to the jury. This court has emphasized its disapproval of unfair prosecutions on all occasions. It has condemned it so often and apparently to so little purpose, that it would seem that, if we are to have fair prosecutions in this state, the trial courts must use their authority and punish these violations of the defendant's rights as contempts.

We do not feel justified in reversing this case on account of these remarks.

The instructions might well have been more liberal to the defendant, and the special counsel would have reflected more credit on the state in whose name he was prosecuting, had he been more impressed with the fact that he was trying a man for his life, and *that it was not a "vacation" or holiday performance.* He had no right to tell the jury that the people of the county would rather the prisoner should be turned loose than sent to the penitentiary for manslaughter.

The court should not have tolerated such language, nor contented itself with the mild injunction to keep in the record. If necessary more heroic treatment must be resorted to. There must be no question or suspicion of unfairness in criminal trials.

The judgment will be affirmed. All of this division concur.