## The People v. John Curtis.

*Criminal law—Charge to jury—Reasonable doubt.*

1. It is not error to refuse to instruct the jury in a criminal case that if, in their deliberations, one or more of their number, after consulting with his or their fellow-jurymen, retains a reasonable doubt as to the respondent's guilt, the jury should not find the respondent guilty.

2. An instruction that the burden is upon the people to prove the guilt of the respondent beyond a reasonable doubt, and that he is presumed to be innocent until proven guilty, and that *all of the jury* must be satisfied of his guilt beyond a reasonable doubt in order to convict, is all that the law requires.

Error to Ionia. (Smith, J.) Submitted on briefs November 2, 1893. Decided November 10, 1893.

Respondent was convicted of robbery from the person,

and sentenced to State prison for two years and six months. Judgment affirmed. The facts are stated in the opinion.

*Foote & Dooling,* for respondent.

*A. A. Ellis,* Attorney General, and *R. A. Hawley,* Prosecuting Attorney, for the people.

GRANT, J. The only error alleged is that the court refused to give the following request on behalf of the respondent:

"The jury are instructed that in their deliberating, if any one or more of their number, after consulting with their fellow-jurymen, retains a reasonable doubt as to defendant's guilt, the jury should not find him guilty."

Upon this point the court instructed the jury as follows:

"Now, gentlemen, I have said to you that this man is presumed to be innocent until he is proven guilty. There is about him that presumption, and it attaches to the entire case. The burden is upon the people to prove his guilt beyond a reasonable doubt. He is presumed to be innocent until proven guilty, *and all of the jury must be satisfied beyond a reasonable doubt in order to convict.*"

The instruction given was all that the law requires.

This case is not ruled by *People v. Hare,* 57 Mich. 519. In that case it does not appear that the court instructed the jury at all upon the subject, but, on the contrary, said that it was not the duty of the court to charge individual members. The decision goes no further than to say that when such a request is presented it is the duty of the court to call the attention of the jury to the subject.

To hold that jurors, under the instruction, would not understand their duty, would be to say that they were not possessed of common sense.

Such a request was held properly refused in *State v. Hamilton,* 57 Iowa, 596; *State v. Young,* 105 Mo. 634.

Judgment affirmed.

The other Justices concurred.