# THE STATE v. FISHER, Appellant.

### Division Two, April 23, 1901.

1. **Appellate Practice:** FAILURE TO INSTRUCT: NO EXCEPTIONS. Where defendant asks for no instructions on good character, and no request is made that the court instruct upon all the law of the case, and no exceptions are taken to the failure of the court so to do, the appellate court will not hold such failure to be error.

2. ———: "MIGHT" AND "SHOULD:" INSTRUCTION. An instruction on the credibility of witnesses, which told the jury they "should" consider certain facts of relationship, instead of saying that they "might" do so, *held*, not reversible error.

3. **Cross-Examination of Defendant.** Cross-examination is allowed by the statute so long as it is confined to the subject of the examination in chief.

Appeal from Moniteau Circuit Court.—*Hon. H. C. Timmonds,* Special Judge.

AFFIRMED.

*John Cosgrove* and *C. D. Corum* for appellant.

(1) The court erred in permitting counsel for the State to examine defendant as to whether he had written letters to the prosecuting witness and as to his interpretation of the statements therein contained. He was not interrogated on the subject, on direct examination, and the same was not referred to by him. The admission of this evidence, over the objection of defendant, was clearly prejudicial, and constitutes reversible error. R. S. 1899, sec. 2637; State v. Miller, 156 Mo. 76. (2) The court failed to properly instruct the jury on the

question of reasonable doubt.    State v. Nueslein, 25 Mo. 111. The court failed to instruct the jury on the question of defendant's good character, and the failure to do so was called to the attention of the court in the motion for a new trial, and was excepted to when the same was overruled.    This omission constitutes error.    R. S. 1899, sec. 2627; State v. Clark, 147 Mo. 220; State v. Rufus, 149 Mo. 406.    (3)    The court instructed the jury that certain facts should be considered by the jury in determining the weight and credit to be given the testimony of witnesses.    Ordinarily this would not constitute reversible error, but when the nature of this case is considered, this error ought to be sufficient cause for reversal.    State v. Hilsabeck, 132 Mo. 359; State v. Fairlamb, 121 Mo. 148.

*Edward C. Crow*, Attorney-General, and *Sam B. Jeffries*, Assistant Attorney-General, for the State.

(1)    Appellant contends error was committed because of the failure of the court to instruct upon the question of reasonable doubt.    "Should be a substantial doubt founded upon the evidence and not a mere possibility of innocence," is the language of the instruction.    It is sufficient.    State v. Sacre, 141 Mo. 64; State v. Knock, 142 Mo. 515; State v. Soper, 148 Mo. 217; State v. McLaughlin, 149 Mo. 19; State v. Wright, 141 Mo. 333.    (2)    Defendant did not ask an instruction as to his good character, nor did he specifically raise the objection in his motion for a new trial.    The request should have been made or objections as to failure stated to the court at the time the instructions were given.    It comes too late. , (3)    The use of the word "should" in an instruction on the proper consideration to be given defendant's own testimony, is not reversible error.    This court has so held in a number of cases.

GANTT, J.—The defendant was indicted in the circuit

State v. Fisher.

court of Moniteau county for the seduction of the prosecutrix, an unmarried female of previous chaste character, under the age of eighteen years. He was duly arraigned and pleaded not guilty.

He was put on his trial and convicted on the nineteenth day of June, 1899, and sentenced to imprisonment in the penitentiary for a term of two years. From that sentence this appeal is prosecuted.

The evidence tended to establish that the prosecutrix was a young woman of chaste reputation and character prior to her seduction by defendant; that defendant often visited her, made many extravagant professions of affection for her and finally gained her consent to marry him. Having obtained her promise to marry him, defendant began to ply his arts to seduce the prosecutrix. The evidence makes a strong case against defendant.

His letters strongly corroborated the testimony of the prosecutrix. Defendant testified in his own behalf and denied that he ever had sexual intercourse with prosecutrix. Admitted visiting her and that he thought a great deal of her and wrote the letters offered in evidence.

There was ample evidence to sustain the conviction and the jury were the judges of the credibility of the witnesses. They believed the prosecutrix and did not believe the defendant.

I. The instruction on the subject of reasonable doubt was as follows:

"The law presumes the defendant to be innocent of the offense charged. It devolves upon the State to prove him guilty beyond a reasonable doubt. If you have a reasonable doubt of his guilt you should acquit him, but a doubt, to authorize an acquittal on that ground, should be a substantial doubt founded upon the evidence and not a mere possibility of innocence."

This is substantially the instruction given in State v. Nues-lein, 25 Mo. 111, which has been so often commended by this court.   There was no error in giving it.

As to the failure to instruct on good character, no instruction was asked on that subject and no request was made of the court to instruct upon all questions of law arising on the case and no exceptions taken to the failure of the court so to do.

Under these circumstances, error for such failure can not be urged successfully in this court.   [State v. Cantlin, 118 Mo. 100.]

II.   In its instruction to the jury on the credibility of the witnesses, the court told them they should take certain facts of relationship into consideration.   Counsel urge this as error and say the court·should have instructed the jury that they might take such facts into consideration.

This has been held not to be reversible error in a similar instruction.   [State v. Renfrow, 111 Mo. 589; State v. Cook, 84 Mo. 40; State v. Young, 105 Mo. 634.]

III.   Among other witnesses defendant called Henry Knorp to prove his good character.   He testified that defendant bore a good reputation for morality in the neighborhood in which he resided.   On cross-examination he was asked if he had not heard of an attempt by defendant to seduce another girl. He answered he had not.   Defendant then objected to the question but saved no exception to the asking of the question. For two reasons this is not reversible error.   No exceptions were saved to it, and the witness promptly answered he had not heard such a rumor.

IV.   The defendant testified in his own behalf and in answer to a question by his counsel denied having had sexual intercourse with prosecutrix at any time.   Denied also that he had promised to marry her.

On cross-examination he was asked to explain certain

amorous passages in his letters which the State had offered and read in evidence. This is assigned as error.

There was no error in permitting this cross-examination. It was perfectly legitimate. He had been interrogated on these points and he was thus given an opportunity to explain what appeared to be a glaring discrepancy between his letters and his oral evidence.

Cross-examination is allowed by the statute so long as it is confined to the subject of the examination in chief. [State v. Miller, 156 Mo. loc. cit. 86; State v. Avery, 113 Mo. 500; People v. Mullings, 83 Cal. 138.]

We find no reversible errors in the record and are impressed with the conviction that the verdict was a just one under the evidence. The judgment is affirmed.

*Sherwood, P. J.,* and *Burgess J.,* concur.

