## THE STATE v. ZORN, *Appellant.*

1. **Criminal Law**: DEFENDANT AS A WITNESS. While the defendant in a criminal case is a competent witness, the fact that he is the defendant may be shown for the purpose of affecting his credibility, and it is proper for the court so to instruct the jury. (*State v. Maguire,* 69 Mo. 197.)

2. ———: RULE OF THIS COURT AS TO SETTING ASIDE VERDICT AS AGAINST EVIDENCE. The supreme court will not reverse a judgment on the ground that the verdict is not warranted by the evidence, unless either there is a total absence of evidence, or it so completely fails to support the verdict that the necessary inference is that the jury acted from prejudice or partiality

*Appeal from Gasconade Circuit Court.*—HON. A. J. SEAY, Judge.

AFFIRMED.

*E. M. Clark* for appellant.

*J. L. Smith,* Attorney-General, for the State.

NORTON, J.—Defendant was indicted in the circuit court of Gasconade county, for an assault with intent to rob. He was put upon his trial on his plea of not guilty, which resulted in a verdict of guilty. From the judgment entered thereon defendant has appealed to this court, and seeks a reversal thereof, first, because the verdict is not warranted by the evidence ; second, because the court erred in giving the third instruction on behalf of the State.

The instruction complained of is as follows : "The defendant is competent to testify as a witness in this case, 1. CRIMINAL LAW: but the fact that he is the defendant may be defendant as a witness. shown for the purpose of affecting his credibility." An instruction similar to this, and containing the same principle, was expressly approved by this court in the case of the *State v. Maguire,* 69 Mo. 197.

As to the objection made that the verdict is not warranted by the evidence, it may be observed that in the case 2. ———: rule of of the *State v. Cook,* 58 Mo. 546, it was held this court as to setting aside ver- that even in a criminal case, before the court dict as against evi- dence. will relieve on the ground that the verdict is not warranted by the evidence, there must be either a total absence of evidence or it must so completely fail to support the verdict, that the necessary inference is, that the jury must have acted from prejudice or partiality. Applying this rule to the evidence in this case, we see no ground for interference. The person assaulted was the only witness to the assault, and he testified that he went with defendant into a saloon, where they drank beer together, and

upon witness saying that he was going to Nilhoff's hotel defendant volunteered to go with him, and that defendant, instead of going the direct route to the hotel, induced witness to go out of the way, and when he remonstrated with defendant and refused to go any further in that direction, defendant struck him in the back of the head with a rock which he held in his hand, felling him to the ground; that when he recovered, defendant said, "Give me your money," and upon being told by witness he had but five cents left, defendant cursed witness and left him. The only contradiction to these statements is in the evidence of defendant, who admitted having met prosecuting witness in a saloon and going with him from the saloon, but denied that he induced witness to go out of the way, or that he struck him, but stated that witness persisted in going the wrong way to the hotel, and that he jerked away from witness, and witness, being intoxicated, fell to the ground. It is claimed that this evidence totally fails to show that the assault, if made, was made with intent to commit a robbery. From the facts stated by the prosecuting witness, that defendant voluntarily offered to accompany him to the hotel to which he had expressed a desire to go, and took him out of the direct way thereto, and demanded his money after knocking him down, we think the jury might well have reached the conclusion they did, that the assault was made with the intent to rob. Judgment affirmed, in which all concur.