## The State v. McGinnis, *Appellant.*

1. **Murder:** DELIBERATION: INSTRUCTIONS, HARMLESS ERROR IN. An instruction in a murder case defining the word deliberately to mean, " done in a cool state of the blood—that is, not in a heated state of the blood caused by lawful provocation;" *Held,* error; but the record in the case disclosing no evidence of provocation either by words or acts of the deceased, or of the existence of such passion on the part of defendant as would mitigate the homicide; *Held,* that the error was immaterial.

2. **Witnesses.** Instructions as to credibility approved.

3. ———: CROSS-EXAMINATION OF THE ACCUSED. When the defendant, in a criminal case, testifies in his own behalf, the jury, in weighing his testimony, have a right to take into consideration his interest in the result.

4. **Venue in Criminal Cases.** While it is necessary in criminal cases to prove the venue as laid in the indictment, it is not necessary that the evidence should be direct, express or positive. Circumstantial evidence may be sufficient.

*Appeal from Howell Circuit Court.*—Hon. J. R. Woodside, Judge.

Affirmed.

*Smith & Krauthoff* and *N. H. Livingston* for appellant.

*D. H. McIntyre,* Attorney General, for the State.

Norton, J.—Defendant was indicted in the circuit court of Howell county, for murder in the first degree for killing his wife Sarah McGinnis on the 21st day of May, 1882. He was tried and convicted, and brings the case to this court by appeal, and seeks a reversal of the judgment on the alleged grounds, among others to be hereafter noticed, that the court erred in giving the second, fourth and fifth instructions for the State.

It is insisted that the court erred in the second instruction defining deliberately to mean, " done in a cool

1. MURDER: deliberation: instructions, harmless error in. state of the blood—that is, not in a heated state of the blood caused by lawful provocation." The definition thus given is not in harmony with the ruling of this court in the cases of *State v. Lewis*, 74 Mo. 222; *State v. Talbott*, 73 Mo. 347, and *State v. Ellis*, 74 Mo. 207. In the last of these cases, where the same error here complained of was committed, it was held not to be reversible error, because there was no evidence tending to show any provocation or the existence of passion on the part of defendant which excluded deliberation and mitigated the homicide. So in the present case, after an examination of the record, and finding no evidence tending to show provocation, either by the words or acts of deceased, or the existence of such passion on the part of defendant as would mitigate the homicide, the error complained of must be in this case, as it was in that, held to be an immaterial one.

It is also insisted that the court erred in giving instructions four and five, which are as follows :

4. That although the defendant may have proven that Mary Fitzpatrick's reputation for chastity is bad, yet the jury should not exclude her testimony on that account if her testimony is corroborated by other witnesses or other facts and circumstances.

5. That the defendant has a right to be a witness in his own behalf, yet in weighing his evidence and the weight to be given thereto, they have a right to take into consideration the interest that he has at stake in this case.

The fourth instruction, when taken in connection with the sixth given for the State, in which the jury are told 2. WITNESSES. that they are the sole judges of the credibility of witnesses and weight of testimony, and if they believe that any witness has willfully sworn falsely to any material fact in the case, they should disregard said testimony and were at liberty to disregard all the evidence of such witness; and when it is considered also in connection with the eighth instruction given for defendant, in which

the jury are told that the fact that the reputation of any witness for chastity and virtue was bad, might be taken into consideration by them in weighing the testimony and arriving at the credibility of such witness, the law of the case was fairly given to the jury.

The fifth instruction was fully warranted by the cases

3. ———: cross-examination of the accused. of *State v. Maguire*, 69 Mo. 197, and *State v. Zorn*, 71 Mo. 415.

It is also objected that there was no evidence that the homicide was committed in Howell county. While it is necessary in criminal cases to prove the venue as laid in the indictment, it is not necessary that the evidence should be direct, express and positive ; but it is sufficient if the circumstances in evidence tend satisfactorily to the conclusion that the crime was committed in the county alleged in the indictment. *State v. West*, 69 Mo. 404 ; *State v. Burns*, 48 Mo. 438. The law required the circuit court to be held at the county seat of Howell county, and the record in the case before us shows that it was held at the town of West Plains, and defendant put upon his trial. It also shows that the court and jury visited the scene of the homicide and took the testimony of Mrs. Hensley, who testified among other things as follows : "I lived in this room at the time of the homicide; at five o'clock, or about sun-down, the homicide occurred in this room." This, we think, was sufficient to authorize the jury to find that the homicide was committed at the place alleged. It is certainly sufficient under the authority of *State v. Burns, supra*, where the indictment alleged that the homicide was committed in St. Louis county. The court was held in the city of St. Louis and the only evidence as to venue was that the homicide was committed in Mullanphy street, and no express statement any where made that said street was either in the county or city of St. Louis. This was held to be sufficient. Judgment affirmed, in which all concur.