## THE PEOPLE v. WILLIAM S. HERRICK.

*Larceny—Evidence to establish—Apparent means of livelihood—Negative testimony.*

Respondent was convicted of the larceny of $25 in a saloon, and on the trial the keeper of the saloon, a witness for the people, was asked "whether respondent, at time of the larceny, had any apparent means of livelihood" and answered that "he could *not* swear that he did not have any." The bartender, who was also a witness, in answer to the question "of what he knew about respondent's having money on the day before the larceny" answered, "I could not swear that he did *not* have any." Both witnesses were acquainted with the respondent who was no stranger to the saloon.

*Held,* that the answers could have done no harm, but that the court is not prepared to say that the questions were improper.

That while ignorance of means does not prove they do not exist, yet appearances are usually of some value in determining whether a person has any honest means of support. That the statute, like the common law, includes among disorderly persons those who have no visible calling or means of support, and while something more may be necessary to convict them, so long as they behave themselves, yet the use of the word "visible" indicates that appearances must to some extent be relied on, and that "apparent" and "visible" are words of similar meaning.

Error to Montcalm. (Smith, J.) Argued January 27, 1886. Decided February 3, 1886.

Larceny. Respondent brings error. Affirmed. The facts are stated in the opinion.

*N. O. Griswold,* for respondent.

*Moses Taggart,* Attorney General, for People.

CAMPBELL, C. J.   Herrick was convicted at the Montcalm circuit of stealing $25 from the person of Charles Hicks. He was indicted jointly with one Frank Collins, who was tried first and convicted. Hicks had been drinking, and was in a saloon with Herrick and Collins, some other persons also being there. These three were in the card-room together for some time. Herrick's pocket-book was found in a passage, empty, and there were various circumstances appearing concerning the actions and situation of all of them set out in the record. Collins was sworn for the people, and gave some testimony about the loss of the pocket-book, and about receiving money from Herrick, and some other money transactions, and there was further testimony concerning Herrick's possession of various bills. The defendant introduced testimony to impeach Collins by bad reputation for truth.

The allegations of error go chiefly to an alleged want of proof of the offense. There were two or three objections to testimony.

One witness, Bailes, the saloonkeeper, who testified upon the whole transaction, was allowed to be asked whether Herrick at that time had any apparent means of livelihood. The bartender, named Wells, was also allowed to be asked what he knew about Herrick having money after the larceny, and answered it fully without objection; but objection was made to his answering what he knew about his having money on the day before. Wells answered that he did not know as he would know whether Herrick had money on that day or not. Bailes answered: "I could not swear that he did not have any."

These answers could have done no harm. We are not prepared to say the questions were improper. Both these parties were acquainted with Herrick, who appears to have been no stranger to the saloon; and while ignorance of means does not prove they do not exist, yet appearances are usually of some value in determining whether a person has any honest means of support. The statute, like the common law, includes among disorderly persons those who have no visible calling or means of support; and while something more may be

necessary to convict them, so long as they behave themselves, yet the use of the word " visible " indicates that appearances must to some extent be relied on.   " Visible " and " apparent " are words of similar meaning.

Fault is also found with the cautions given the jury concerning the testimony of Collins and of defendant.   In regard to both, the court told the jury to consider the relations they bore to the case in determining what weight to give their testimony.   We do not see why this was wrong. It is what any jury would do in fact.

We cannot say that there was no testimony sufficient for the jury to act upon.   It appears to us there was testimony bearing on the guilt of both defendants.

The conviction is affirmed.

The other Justices concurred.