THE STATE v. MOUNCE, *Appellant.*

DIVISION TWO.

1. **Practice**: INSTRUCTIONS. Instructions which are repetitions of others given are properly refused.

The State v. Mounce.

2. **Criminal Law : FELONIOUS ASSAULT : EVIDENCE.** On a trial for felonious assault, a difficulty between the same parties several days before the one in question may be shown as tending to prove the wilfulness of the act and the intention of the defendant.

3. —— : **PRACTICE : EVIDENCE.** A defendant cannot object to evidence admitted for the state, when he himself testified to the same facts.

4. —— : —— : **DEFENDANT AS WITNESS.** An instruction that the fact that the defendant "is the party on trial should be taken into consideration for the purpose of affecting his credibility as a witness" properly declares the law.

5. —— : —— : **CREDIBILITY OF WITNESS QUESTION FOR JURY.** The jury are the sole judges of the credibility of witnesses and the weight to be given their testimony, and if they believe that any witness has wilfully testified falsely, as to any material matter in issue, they should disregard such false testimony, and may reject the whole of his evidence.

*Appeal from Dent Circuit Court.*—HON. C. C. BLAND, Judge.

AFFIRMED.

*L. B. Woodside* for appellant.

(1) The third instruction given on the part of the state is erroneous, as it virtually told the jury that the fact that John Mounce was the defendant, and a witness in his own behalf, did not entitle him to credit. (2) The fourth instruction is also erroneous as it directed the jury that they might disregard testimony, even if they believed it to be true. The evidence in this case does not bring it within the rule laid down by the courts. *Bank v. Murdock*, 62 Mo. 74 ; *State v. Palmer*, 88 Mo. 568. It leaves a question of law to be decided by the jury, *i. e.*, what were the material averments in the indictment. *Fugate v. Carter*, 6 Mo. 267. (3) The instructions refused defendant should have been given, and those given in lieu thereof were not sufficient to put the case fairly before the jury.

*John M. Wood*, Attorney General, for the State.

GANTT, P. J.—Defendant was indicted in the circuit court of Dent county, at its October term, 1888, for a felonious assault. The indictment charged that on the thirtieth day of May, 1888, in said county and state, he feloniously, on purpose and wilfully, with a pistol, assaulted one John W. McDonald with the intent to kill him. He was tried at the April term, 1889, and convicted, and his punishment assessed at a fine of $100, from which he appealed.

The evidence introduced on the part of the state tended to prove the charge made, whilst that introduced on the part of the defendant tended to show that the act was done in self-defense.

Appellant complains of the action of the court in admitting evidence of a difficulty between the prosecutor and defendant a few days before the assault; and in giving instructions, numbered 3 and 4, on the part of the state, and refusing instructions, numbered 1 and 2, asked for by defendant.

The only objection that was made to the introduction of testimony was to evidence offered by the state of a prior difficulty between the defendant and prosecuting witness; this objection was overruled by the court, and the evidence admitted, to which defendant excepted. The witness stated that they had a difficulty a few days before, and the defendant put his hand in his pocket, like he was going to draw a weapon, but he did not draw any.

The defendant testified in his own behalf, and among other things to the previous difficulty.

The court gave the following instructions for the state, which were objected to at the time, by the defendant, and exceptions properly taken: "3. The court instructs the jury, that the fact that John Mounce is the party on trial should be taken into consideration for the purpose of affecting his credibility as a witness.

"4.   The court instructs the jury, that they are the sole judges of the credibility of the witnesses, and of the weight to be given to their testimony ; and if they believe that any witness has wilfully testified falsely, as to any material matter in. issue, they should disregard such false, testimony, and may reject the whole of such witness' statement."

The instructions asked by defendant and refused by the court, numbered 1 and 2, were mere repetitions of those given by the court on reasonable doubt and self-defense, and for that reason were properly refused.

As the indictment charged the defendant with having wilfully and on purpose assaulted McDonald with intent to kill him, the evidence of the recent previous difficulty was competent as tending to prove the wilfulness of the act and the intention with which defendant shot. *State v. Forsythe*, 89 Mo. 667 ; *State v. Nugent*, 71 Mo. 136.   Besides defendant voluntarily went on the stand and testified without objection to the same prior difficulty.   He is in no position to complain of this evidence.

We have so recently re-examined section 4218 under which instruction, numbered 3, was drawn, in *State v. Young*, 105 Mo. 634, we deem it unnecessary to enter upon any extended discussion.   The substance of this instruction was approved in *State v. Cook*, 84 Mo. 40, and again by this court at this term in *State v. Young*, *supra*.   While the form is somewhat changed, there is no material difference between this instruction and those in *State v. Cook* and *State v. Young*.   See, also, *State v. McGuire*, 69 Mo. 197 ; *State v. Zorn*, 71 Mo. 415.

The fourth instruction given for the state is without fault.   It has never failed to receive the sanction of this court.   *State v. Elkins*, 63 Mo. 159 ; *State v. Talbott*, 73 Mo. 347 ; *State v. Vansant*, 80 Mo. 71.

The judgment is affirmed.   All concur.