State v. Forrester.

THE STATE OF MISSOURI, Respondent, v. EDGAR FORRESTER, Appellant.

Kansas City Court of Appeals, November 18, 1895.

1. **Criminal Law**: SLANDER: FORNICATION: GOOD REPUTE: EVIDENCE: INSTRUCTION.   An indictment under section 3868, Revised Statutes, 1889, need not charge that the injured female is of good repute; and on the trial admission of evidence offered by the state as to her good repute and an instruction submitting that issue to the jury, are error, but in this case are harmless.

2. **Appellate Practice**: PRESUMPTION AS TO ERROR: JUDGMENT FOR THE RIGHT PARTY.   Where the party complaining of error on appeal is unable to point out wherein he is specifically prejudiced but rests his complaint alone on the general presumption of prejudice arising from error, if the court finds on examining the record that the case has been properly tried and the judgment is for the right party, it will pay no further attention to the error.

3. **Evidence**: DEMURRER: CREDIBILITY OF WITNESSES.   The evidence in this case sufficiently showed the commission of the offense, and the credibility of the witnesses was for the jury.

4. **Criminal Law**: EVIDENCE: VENUE.   In a criminal case it is necessary to prove the venue, but it is sufficient if the circumstances tend satisfactorily to show it.

*Appeal from the Carroll Circuit Court.*—HON. WM. W. RUCKER, Judge.

AFFIRMED.

*L. A. Holliday* and *Virgil Conkling* for appellant.

(1) The testimony upon "good repute" of the prosecutrix was incompetent and prejudicial. The averment of "good repute" contained in the indictment was mere surplusage. *State v. Buck*, 43 Mo. App. 445; *State v. Matheis*, 44 Mo. App. 294. "The plaintiff can not introduce evidence as to his good character until it has been attacked by defendant." 13 Am. and Eng. Encyclopedia of Law, p. 489, and cases cited under note 2. *State v. Hinson*, 9 S. E. Rep. (N. C.) 552; *State v. Grigg*, 104 N. C. 882; 10 S. E. Rep. 684; *Shaw v. State*, 12 S. W. Rep. 741; *Lasky v. State*, 18 S. W. Rep. 465; *State v. Taylor*, 118 Mo. 161. (2) The instructions given for the state upon "good repute" were erroneous and prejudicial. "It manifestly diverted the attention of the jury from that which was to that which was not in issue, thus defeating the very object of the law." "Instructions are equally faulty whether enlarging or restricting the issues." *Bank v. Murdock*, 62 Mo. 73; *Elliott v. Keith*, 32 Mo. App. 580; *Fairgrieve v. Moberly*, 29 Mo. App. 142; *Scott v. Allenbaugh*, 50 Mo. App. 135; *State v. Weiners*, 4 Mo. App. 496; *State v. Stockton*, 61 Mo. 385. (3) The venue of the offense was not proved, and, therefore, the trial court should have directed an acquittal. *State v. King*, 111 Mo. 576; *State v. Hartnett*, 75 Mo. 251; *State v. Burgess*, 75 Mo. 541; *State v. Young*, 99 Mo. 284; *State v. Quaite*, 20 Mo. App. 405; *State v. Hopper*, 21 Mo. App. 510.

*James F. Graham, Lozier & Morris*, and *Sidney Miller* for respondent.

(1) It is the peculiar duty of the jury to determine what credibility is to be attached to the evidence of witnesses from their manner while testifying, their

relation to the cause, and their interest in its result. It is not the province of this court to deal with the conflict of evidence. *State v. Hert*, 89 Mo. 590; *State v. Alfrey*, 124 Mo. 393; *State v. Levy*, 126 Mo. 563. (2) While it is necessary in criminal cases to prove the venue as laid in the indictment, it is not necessary that the evidence should be direct, express, or positive. *State v. McGinnis*, 76 Mo. 326; *State v. Sanders*, 106 Mo. 188; *State v. Burns*, 48 Mo. 438; *State v. West*, 69 Mo. 404; *State v. Pennington*, 124 Mo. 392. (3) The statute, indictment, and slanderous words used certainly negative a good reputation, and entitle the prosecutrix to the benefit that would arise to the state by reason of establishing a good reputation by evidence.

SMITH, P. J.—The indictment, which was based on section 3868, Revised Statutes, charged that the defendant, on, etc., at, etc., maliciously intending and contriving to scandalize and bring into odium and disrepute, one Mollie Snider, an unmarried female, of good repute for chastity and virtue, did unlawfully, falsely, and maliciously charge and accuse the said Mollie Snider of fornication, etc. There was a trial which resulted in the conviction of the defendant, who has appealed.

It will be observed, by reference to the section of the statute just referred to, that the injured female is not required to be of *good repute*, as in that defining the offense of enticing a female to a house of ill-fame, or seducing a female under promise of marriage. Sections 3485, 3486. This element introduced into the charge is in excess of what is required by the statute. It is conceded, however, that notwithstanding this redundancy, the indictment is sufficient.

At the trial, the prosecuting attorney, supposing no doubt that this part of the charge was a primary ingredient entering into the state's case, offered and

was permitted, over the defendant's objections, to prove such part of the charge. The court, later on, by its instructions for the state, required the jury to find, among other facts, that Miss Snider was of good repute for virtue and chastity, before they could find the defendant guilty under the indictment. The defendant contends that the court erred in admitting such evidence and in instructing the jury in respect thereto, as we have stated.

The good repute of Miss Snider was in no way put in issue by the defendant's plea of not guilty. The burden of proving this was self-imposed. Had the statute (as it has not) made "good repute" an ingredient of the offense charged in the indictment, that ingredient would have been established for the purposes of the trial by a presumption of law and would have continued until met and overcome by countervailing proof. It would have, therefore, been unnecessary to establish it by evidence. *State v. Higdon*, 32 Iowa, 262; *State v. Wills*, 48 Iowa, 671; *People v. Brewer*, 27 Mich. 134.

We think the court erred in permitting the state to assume the burden of proving the good repute of Miss Snider in order to make out a *prima facie* case against defendant. This error was, of course, repeated in the giving of the first instruction for the state. These errors were clearly against the state. But were they prejudicial to the defendant, and, if so, how or in what way?

The rule prevailing in this state, in both civil and criminal cases, is that error is presumptively prejudicial, and that it devolves upon the party asserting its harmlessness to show it affirmatively. *Bindbeutal v. Railroad*, 43 Mo. App. 463; *State v. Taylor*, 118 Mo. 153. Where an error has been committed by a court in the course of a trial, and the party complaining of it on appeal is unable to

point out wherein he is specially prejudiced or injured by it, but rests his complaint alone upon the general presumption of prejudice arising from error, if the court finds upon an examination of the whole record, that the case has been otherwise properly tried, and that the judgment is for the right party, it will, in that event, pay no further attention to such error. We think the evidence in the record before us clearly proves the defendant's guilt of the crime charged in the indictment, and with the finding of the jury we can find no fault.

The defendant's instruction in the nature of a demurrer to the evidence was rightly refused. We can not conceive upon what ground it was asked. If we give credence to the testimony of the witnesses, we must conclude the offense was sufficiently proved. As to the credibility of the witnesses, that was a question for the judgment of the jury, under appropriate instructions, which, it appears, were given.

Finally, the defendant contends the venue of the crime was not proved. While it is necessary in criminal cases to prove the venue as laid in the indictment, it is not necessary that the evidence should be direct, express, and positive, but it is sufficient if the circumstances detailed in the evidence tend satisfactorily to the conclusion that the crime was committed in the county alleged in the indictment. *State v. McGinnis*, 76 Mo. 326; *State v. Sanders*, 106 Mo. 188; *State v. Burns*, 48 Mo. 438; *State v. West*, 69 Mo. 404; *State v. Pennington*, 124 Mo. 392. The record in the present case shows that the indictment was found and the trial of the defendant thereon had in Carroll county. It appears that the witness, Karnes, at the trial testified that he lived in that (Carroll) county, and in the same connection he testified to the speaking of the slanderous words by defendant and to the circumstances surround-

ing the same. In view of the rulings of the supreme court in the cases just cited, we think the various circumstances detailed in evidence by the witness Karnes and others were quite sufficient to justify the jury in finding that the offense was committed in Carroll county.

Finding no error in the record harmful to the defendant, we shall affirm the judgment. All concur.