66   303
66   615

STATE OF MISSOURI, Respondent, v. J. D. MORSE, Appellant.

St. Louis Court of Appeals, April 21, 1896.

1. **Practice, Appellate:** RES ADJUDICATA. The matters determined on the appeal of a cause furnish the law for its retrial, and will not be reviewed on a subsequent appeal.

2. **Criminal Law:** DESTRUCTION OF FENCE: VARIANCE. An information charged the defendant with cutting a fence in violation of Revised Statutes, section 3592, and, in so doing, alleged that the land inclosed by the fence was in two designated sections. *Held,* that proof was admissible of the cutting of the fence in either or both of these sections.

3. ———: READING OF PROVISIONS OF STATUTE TO JURY: NONPREJUDICIAL ERROR. It is within the sound discretion of the trial court to permit the section of the statute under which an information is framed to be read to the jury. Nor will a judgment of conviction be reversed on appeal for the reading of another section of the statute to the jury, when it appears that the defendant was not prejudiced thereby.

4. ———: INSTRUCTIONS. When the defendant in a criminal case testifies as a witness, the jury may be instructed that, in weighing his testimony, they may consider the fact that he is the person on trial.

*Appeal from the Audrain Circuit Court.*—HON. E. M. HUGHES, Judge.

AFFIRMED.

*W. W. Fry* for appellant.

*Robert Schackleford* and *George Robertson* for respondent.

BIGGS, J.—This prosecution was commenced before a justice of the peace in Montgomery county. The information charged that on or about the ninth day of

May, 1891, the defendant unlawfully, willfully and
maliciously, cut down, broke and injured, a portion of
a wire fence belonging to Thomas R. Harper, which
inclosed the land of Harper and was situated in sec-
tions 8 and 5, in township 50, range 6 west, in Mont-
gomery county, and in which the defendant had no
interest.

The defendant was convicted before the justice,
and the case was taken by appeal to the circuit court.
On motion of defendant the venue of the cause was
changed to the circuit court of Audrain county. That
court sustained a motion to quash the information.
The state appealed to the Kansas City court of appeals
(Audrain county at that time being within the terri-
torial jurisdiction of that court), where the judgment
was reversed and the cause remanded, the court hold-
ing that the information was sufficient under section
3592 of the statute.

Upon a trial of the cause the defendant was con-
victed, and a fine of $50 imposed. He has appealed
to this court and assigns many reasons for the reversal
of the judgment, which we will notice in their order.

The first, second and third, points stated in the
briefs go to the sufficiency of the information. The
Kansas City court of appeals having passed on the
information, its judgment must be held to be the law
of the case and not subject to revision on a second
appeal. This proposition is too well established to
require the citation of authorities.

The next assignment of error is that the circuit
court permitted the prosecuting attorney to read to the
jury the section of the statute under which the infor-
mation was drawn, and also the succeeding section.
This particular question of practice has never been
called to the attention of any of the appellate courts of
the state. It has been the practice throughout the

state to read to the jury the section of the statute upon
which the indictment or information is based.    So, in
civil cases, it is the universal practice to read the plead-
ings to the jury.    Strictly speaking, the jury has no
concern with either, but the practice has grown up, and
its  exercise  rests  within  the  sound  discretion  of the
trial judge.    In the present case the circuit court also
permitted the prosecuting attorney  to  read  section
3593  of the statute to  the  jury.    This was unusual,
and we are at a loss to know why it was done, as the
Kansas City  court  of  appeals  had  decided  that the
information was good only under the preceding section.
But we can not imagine how the  defendant was preju-
diced, and we will, therefore, overrule the assignment.

The information charges that the fence  which the
defendant cut inclosed Harper's land, and that the land
was situated in sections 5 and 8.    The evidence tended
to show that the land was divided by a public road on
the line between the two sections and that in both sec-
tions the fence was cut, and that it was cut by the
defendant at or about the time charged in the informa-
tion. It is urged that this proof was inadmissible. The
argument on the point is not clear to us.    The charge
is that the defendant cut Harper's fence and that the
fence inclosed his land, which was situated in sections
5 and 8.    Proof that the defendant cut the wire on
either or both sections was certainly competent and
relevant.

The court gave the following instruction, of which
the defendant complains:    "The court instructs the
jury that you are the sole judges of the weight of the
evidence and of the credibility of the witnesses, and if
you believe any witness has willfully sworn falsely to
any material fact in the case, then you may disregard
the whole of such witness' testimony;  and you are

VOL. 66 app—20

further instructed that the defendant is a competent witness in his own behalf, but the fact that he is the person on trial may be considered by you as affecting his credibility.''

By this instruction the jurors were told that, in weighing the defendant's testimony, they should take into consideration the fact that he was the person on trial. Such a direction has received the approval of the supreme court in many cases. *State v. Maguire,* 69 Mo. 197; *State v. Zorn,* 71 Mo. 415; *State v. McGinnis,* 76 Mo. 326; *State v. Cook,* 84 Mo. 40; *State v. Young,* 105 Mo. 634. The decisions in the cases of *State v. Austin,* 113 Mo. 538, and *State v. Hobbs,* 117 Mo. 620, do not lay down a different rule. In those cases the instructions told the jury, at least by implication, that the testimony of the defendants might be *discarded* upon some ground, but not alone on the ground of their interest in the result. The supreme court condemned these instructions, but reaffirmed the doctrine of the other cases that the interest of the accused could only be considered by the jury in *weighing* his testimony.

One of the defenses was that, at the places where the fences were cut, Harper had fenced across a public road, and consequently, if defendant did cut the wire, he was guilty of no offense. There was a great deal of testimony *pro* and *con* as to the location and existence of a public road along the west side of Harper's farm, and, for the purpose of showing that the defendant knew or did not consider that such a road had any legal existence, the transcript recites that the plaintiff read in evidence a petition for a county road along the same route, which was signed by the defendant and presented by him to the county court of Montgomery county at its February term, 1891. The clerk has

failed to set forth the petition, and we are, therefore, unable to pass on its admissibility.

We encounter the same difficulty in respect of the remaining assignments. The record recites that there was evidence as to the establishment of a county road along the section line between sections 5 and 6 and 7 and 8, and that, in support of this, the defendant introduced in evidence an order of survey, the report of the commissioners who marked out and established the road, also a plat accompanying the report, and the judgment of the county court of Montgomery county establishing and locating the road. This documentary evidence is omitted from the transcript. Therefore, we can not decide whether the instructions of the court in reference to the establishment of the road, and of which the defendant complains, were improperly given, nor that those asked by the defendant were improperly refused.

The claim that the evidence is insufficient to sustain the conviction is likewise untenable. Several witnesses testified that the defendant told them that he cut the wire. The witnesses do not fix the date precisely, but they all agree that it was about the time stated in the information. The judgment of the circuit court will, therefore, be affirmed. All the judges concur.