ANSELMO ORTIZ LEÓN, demandante y apelante, *v.* THE PORTO RICAN & AMERICAN INSURANCE Co., demandada y apelada.

No. 4152.—*Resuelto* en reconsideración: Noviembre 29, 1927.

1. SEGUROS—ACCIONES SOBRE PÓLIZAS—EVIDENCIA—SU SUFICIENCIA—CUANTÍA DE LOS DAÑOS SUFRIDOS.—En el caso de autos—acción para recobrar el importe de daños causados por colisión—el Supremo revocó la sentencia a favor de la compañía aseguradora dictando otra a favor del demandante. Solicitada

reconsideración fundada en que la corte no tenía base para calcular el mon- tante de los daños sufridos *se resolvió* que había prueba, no impugnada, del valor del automóvil al momento del accidente y de su destrucción total para fijar el montante de dichos daños.'

2. Seguros—Acciones Sobre Pólizas—Defensas en General—Pago Total de la Propiedad Asegurada.—El mero hecho de que un padre haya hecho un anticipo al hijo al pasarle un carro asegurado contra accidentes no empece para que éste pueda ejercitar sus derechos bajo póliza que exija el pago total del vehículo cuando el título de la propiedad ha pasado totalmente a él.

Moción sobre reconsideración de sentencia. *Sin lugar.*

*O'Neill & O'Neill*, abogados del apelante; *F. Soto Gras*, abogado de la apelada.

El Juez Asociado Señor Wolf, emitió la opinión del tri- bunal.

Se trata de una moción de reconsideración basada en dos fundamentos que se alega no fueron tomados en considera- ción por esta corte. (Véase *ante*, p. 324.)

[1] Que al revocar la sentencia existente a favor de la demandada, esta corte no tenía una base adecuada para cal- cular el montante de los daños sufridos por el demandante. En otras palabras, que no hubo prueba suficiente de los da- ños causados al automóvil.

La corte inferior en su opinión dijo que el demandante pudo separar los daños causados por la colisión de aqué- llos ocasionados por el incendio, pero que el demandante no había hecho otra cosa que probar la destrucción total del vehículo. La prueba incontrovertida fué que el automóvil quedó destruído totalmente. También hubo prueba tendente a demostrar que el vehículo al tiempo del accidente valía de $1,200 a $1,300; que el padre del demandante le regaló parcialmente el automóvil y le cargó $600 para ser descon- tados finalmente de su herencia. El accidente ocurrió dos o tres meses después del traspaso al demandante. En el jui- cio no se trató de atacar el valor del automóvil, según fué declarado por el demandante y sus testigos.

[2] No hallamos que el otro fundamento por el cual se solicita la reconsideración sea en absoluto correcto. La de- mandada alegaba que el demandante no había pagado el

valor total del automóvil, según lo exigía la póliza. La prueba demostró que el título de la propiedad había pasado totalmente al demandante y que su padre meramente le había hecho un anticipo de $600.

*Se declara sin lugar la moción de reconsideración.*