EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* SERGIO PLATA, acusado y apelante.

No. 3444.—*Visto:* Abril 10, 1928. · *Resuelto:* Abril 26, 1928.

*Guillermo S. Pierluisi, Agustín E. Font, y R. Atiles Moreu*, aboga-
dos del apelante; *José E. Figueras,* abogado de *El Pueblo,* ape-
lado.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del
tribunal.

Sergio Plata y Jaime Alvarez del Manzano fueron acu-
sados conjuntamente del delito de escalamiento en primer
grado porque el 13 de febrero de 1926 voluntaria y maliciosa-
mente penetraron por la noche en el establecimiento comer-
cial que Moscoso Hermanos tienen en la ciudad de Ponce
con intención de cometer hurto o ratería y sustrajeron plu-
mas-fuentes por valor de 700 a 800 pesos y dinero en efectivo.

El Pueblo de Puerto Rico por su fiscal en Ponce solicitó
y obtuvo el sobreseimiento de la causa contra Jaime Alvarez
del Manzano y lo hizo testigo suyo en el juicio contra Sergio
Plata. Este fué declarado culpable por un jurado del delito
que se le imputó y habiendo sido condenado por la corte a
la pena de diez años de presidio interpuso el presente recurso
de apelación al que se ha adherido el fiscal de este tribunal
solicitando la revocación de la sentencia.

La corte dijo en sus instrucciones al jurado lo si-
guiente: "El acusado en el presente caso no ha declarado,
y yo vuelvo a insistir sobre esto: el hecho de que él no

haya declarado no podéis tomarlo ni siquiera como presunción de culpabilidad. Al acusado, sentado ahí en esa silla, le acompaña la presunción de inocencia; cuando yo haya terminado las instrucciones, cuando se haya tomado al Sr. Marshal el juramento correspondiente, y vosotros os retiréis a deliberar sobre este caso, entonces es que desaparece la presunción de inocencia de este acusado, porque es el momento en que vosotros podéis entrar a discutir si este acusado real o efectivamente es o no culpable del delito que se le acusa." De esa instrucción tomó excepción la defensa del acusado Plata.

Esa instrucción es errónea. La presunción de inocencia no desaparece cuando terminadas las instrucciones de la corte al jurado éste se retira a deliberar sobre el caso. Continúa mientras el jurado delibera y hasta que rinde su veredicto de culpabilidad. Así lo hemos declarado recientemente en el caso de *El Pueblo* v. *Negrón*, resuelto el 8 de marzo de este año, 37 D.P.R. 822, al considerar una instrucción análoga a la de este caso; y en el mismo sentido han sido resueltos los casos de *People* v. *McNamara*, 94 Cal. 514, y *People* v. *O'Brien*, 106 Cal. 104. La defensa del acusado llamó la atención de la corte sobre lo erróneo de la instrucción tomando excepción de ella, pero la corte no aprovechó esa oportunidad para corregirla. Creemos que el fiscal también debió llamar la atención de la corte para evitar que revocáramos por este motivo la sentencia y que hubiera de celebrarse un nuevo juicio con nuevos gastos para El Pueblo de Puerto Rico y con la consiguiente tardanza de la justicia, como la hubiéramos revocado y ordenado un nuevo juicio si no fuera porque el apelante debe ser absuelto, según veremos en seguida.

La única prueba presentada en el juicio fué la del fiscal y su examen nos convence de que el jurado cometió un manifiesto error al apreciarla y al llegar por ella a un veredicto de culpabilidad, pues nada hay en la misma que

demuestre la culpabilidad del acusado Plata como autor o como cómplice en el delito. Un hombre puede haber cometido varios delitos pero esto no empece para que cada acusación posterior deba serle probada fuera de duda razonable. No basta su mala conducta anterior y meras sospechas para dictar un veredicto de culpabilidad contra él.

En este caso se probó que hubo un escalamiento en la droguería de Moscoso Hermanos durante la noche y que para entrar en ella fué violentada la puerta de un patio que da acceso a la droguería con una herramienta que dejó sus huellas en ella; pero ninguno de los testigos del fiscal ha declarado algo por donde pueda llegarse a la conclusión de que el apelante haya cometido ese escalamiento, haya ayudado, instigado, aconsejado o incitado su comisión, ni que sabiendo que se había cometido haya ocultado, albergado o protegido a la persona acusada o convicta del mismo; pues no sólo negó siempre haber tenido intervención en ese delito sino que por el contrario suministró informes a la policía manifestándole que Jaime Alvarez del Manzano era el autor del delito, que en la casa contigua a la droguería vivía entonces una hermana de Alvarez del Manzano, que del patio de esa casa se podía pasar fácilmente al patio de la droguería, que antes del escalamiento Alvarez del Manzano mandó a cortar una hoja de sopanda de automóvil, y que en la madrugada del día del escalamiento Alvarez del Manzano utilizó un coche en el que se le quedó un llavero: habiendo resultado ser cierto lo de la sopanda, la vivienda de una hermana de Manzano en la casa contigua a la droguería, que había fácil comunicación entre los patios de esas casas y que Manzano usó esa madrugada un coche en el que se le quedó un llavero. Jaime Alvarez del Manzano, que fué acusado con el apelante y que luego fué utilizado como testigo del Pueblo de Puerto Rico, se limitó en su declaración a decir que a las dos o las tres de la madrugada del expresado día vió salir a Sergio Plata de un zaguán que queda en la calle de atrás

de la droguería llevando un bulto encima; que trató de irse en seguida pero que ya lo había visto y entonces cogió por la calle abajo: que el testigo se fué tranquilo: que Plata llevaba un pañuelo en la mano con una moneda, se la dió, y se fué: y que al sorprenderlo, Plata lo amenazó. Esto es todo lo que ese testigo declaró pero se demostró que Sergio Plata nunca fué visto en la droguería: que Alvarez del Manzano iba con frecuencia a ella y pasaba al patio: que almorzaba y comía algunas veces en la casa de esa hermana: que fué el que mandó a cortar la hoja de sopanda y que dijo al muchacho que la llevó para ser cortada que dijese que Plata estaba presente en ese momento, no siendo esto cierto. La declaración de Alvarez del Manzano, aun siendo creída, no es bastante para llegar a la conclusión de que el apelante cometió ese escalamiento, ni tuvo corroboración alguna como requiere el artículo 253 del Código de Enjuiciamiento Criminal

La sentencia apelada debe ser *revocada y dictarse otra absolviendo al apelante.*