EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* PEDRO MORALES GONZÁLEZ, acusado y apelante.

No. 3607.—*Sometido:* Diciembre 18, 1928. *Resuelto:* Enero 22, 1929.

*L. Mercader, H. Miranda* y *R. Martínez Nadal,* abogados del apelante; *José E. Figueras,* abogado de *El Pueblo,* apelado.

El Juez Asociado Señor Aldrey, emitió la opinión del tribunal.

El muchacho de quince años de edad Graciano Guzmán fué encontrado muerto por una herida de bala en la frente a eso de las ocho de la noche del domingo 13 de marzo de 1927 junto a la quebrada del Jobo en la finca de que es condueño y administrador Pedro Morales González, situada en el barrio de Jobo de Utuado. Pedro Morales González fué acusado por el fiscal por el delito de asesinato de ese muchacho y celebrado el juicio fué declarado por un jurado culpable del delito de asesinato en segundo grado y sentenciado por la Corte de Distrito de Arecibo a sufrir pena en el presidio, contra cuya sentencia interpuso esta apelación.

Según la prueba testifical del fiscal, Graciano Guzmán y su hermano Timoteo Guzmán salieron ese día de su casa como a las cinco de la tarde para ir a cortar yerba a una finca de Manuel Maldonado y antes de llegar a ella Graciano dejó a Timoteo en el camino mientras iba a lavar unas botellas de jugo de uva en la quebrada de Jobo; y estando en esa ocupación se presentó por aquel sitio el acusado, acompañado de su peón Jorge González, y disparó un tiro de pistola contra Graciano, diciéndole después "levanta la cabeza, pendejo, mamado," y cuando Graciano levantó la cabeza y se quedó mirando, entonces disparó un segundo tiro, que cogió a Graciano en la frente, quien cayó al suelo, echando a correr entonces el otro muchacho Timoteo.

El acusado declaró que acostumbraba voltear la finca y disparar en ella tiros para asustar a los rateros y que ese día disparó dos tiros pero negó que los dirigiera contra Graciano Guzmán.

Tal es en pocas palabras lo substancial de las pruebas de ambas partes en cuanto al hecho de los disparos.

■■ Durante el juicio la corte no permitió que Timoteo Guzmán, hermano del interfecto y testigo del fiscal, declarase sobre la pregunta que le hacía la defensa del acusado respecto a si su padre Vicente Guzmán había interpuesto pleito

contra Pedro Morales Guzmán reclamándole indemnización por la muerte de Graciano. Tampoco fué permitida igual pregunta hecha por la misma parte a Vicente Guzmán, presentado por el acusado como testigo suyo. Y de igual modo no fueron admitidos como evidencia los autos de dicho pleito. Esas tres negativas se alegan ser erróneas en los motivos primero, quinto y sexto de este recurso, sosteniendo la parte apelante que debió ser permitida esa prueba porque tendía a demostrar el interés que en este asunto tienen los testigos Timoteo Guzmán y su padre Vicente Guzmán en contra del acusado.

No cometió la corte inferior el error que se le atribuye en cuanto a la admisión de esas pruebas porque el muchacho Timoteo no era parte en dicho pleito ni tiene un interés directo en él; y en cuanto a su padre, que fué presentado como testigo por el acusado, no solamente nada declaró en contra de él sino que no podía ser impugnada su credibilidad por la parte que lo presentó. Tampoco eran admisibles los autos del pleito establecido contra el acusado porque el ejercicio de una acción civil no es por sí mismo suficiente para desacreditar la veracidad de la parte que lo promueve, pues hasta en el mismo pleito puede declarar como testigo.

██ Los motivos segundo y séptimo también pueden ser tratados conjuntamente pues se refieren a hechos anteriores al día en que ocurrió el que fué motivo del juicio, ya que el primero de ellos es por no haber permitido la corte inferior que el testigo Jorge González declarase si en otras ocasiones anteriores el acusado había disparado tiros en su finca; y el otro por no haberse permitido declarar a dicho testigo sobre hechos ocurridos en la finca días antes al acontecimiento que se investiga en esta causa.

Con esas preguntas trataba el acusado de demostrar que él acostumbraba voltear su finca y disparar tiros para amedrentar a personas que se introducían en ella sin permiso; prueba que era impertinente porque lo único que había que investigar era lo referente al día en que ocurrió la muerte

de Graciano, tanto más cuanto que aparece de los testigos del fiscal que el acusado dirigió los dos tiros contra Graciano Guzmán, diciéndole antes del segundo que levantara la cabeza e hiriéndole en la frente. Además, aun cuando esas preguntas no fueron permitidas, el acusado declaró en el juicio sobre dichos extremos.

■ El tercer motivo de error es por no haberse permitido al testigo Jorge González que declarase sobre el sitio en que ocurrió la muerte de Graciano con vista de una fotografía. A este testigo nada se le preguntó en el interrogatorio directo sobre el sitio del suceso en relación con la expresada fotografía y por eso no se le podían hacer repreguntas sobre este extremo. Underhill sobre Evidencia Criminal, página 401.

El cuarto motivo se funda en haberse permitido al fiscal que hiciera repreguntas a Vicente Guzmán sobre cuestiones que no fueron objeto del interrogatorio directo del acusado. Vicente Guzmán fué presentado por el acusado como testigo suyo para declarar sobre lo que su hijo Timoteo, testigo del fiscal, le dijo al llegar a su casa sin su hermano a eso de las ocho de la noche, y la lectura de su declaración no nos convence de que se le repreguntara por el fiscal sobre cuestiones distintas del interrogatorio directo.

Igual fundamento tiene el motivo octavo en cuanto al testigo Dionisio Reyes. Éste declaró a preguntas del acusado que conoce el barrio de Jobos y que Timoteo Guzmán estuvo en su casa a eso de las ocho de la noche; y el contrainterrogatorio fué pertinente porque se refirió a materia relacionada con la declaración por él prestada, o sea, sobre las casas inmediatas a la suya en el lugar del suceso.

■ Los motivos de error 9, 12, 13 y 14 están relacionados entre sí y pueden ser considerados conjuntamente. Dicen así:

"9. Al declararse culpable al acusado de un delito de asesinato sin que se justificaran plenamente los extremos de la acusación.

"12. Al no instruir al jurado específicamente sobre el derecho del acusado dentro de los artículos 207, 209 y 211 del Código Penal.

"13. Al instruirse al jurado específicamente sobre el delito de asesinato y homicidio involuntario sin extenderse en consideración sobre otros delitos que pudieran circunscribirse a los hechos del caso.

"14. Al no declararse absuelto al acusado del delito imputado, el cual no ha sido justificado con evidencia directa y fuera de toda duda razonable, cometiendo el jurado un error manifiesto al apreciar los hechos."

Según las declaraciones de varios testigos del fiscal, el acusado, al ver al muchacho Graciano en la quebrada le disparó un tiro y dijo entonces "levanta la cabeza," y al hacerlo Graciano le hizo un segundo disparo, que fué causa de su muerte. Según la declaración del acusado él disparó esa tarde dos veces su pistola pero no contra persona alguna. Habiendo dado crédito el jurado a la prueba del fiscal, no cometió error alguno ni tampoco en su calificación de asesinato en segundo grado.

En cuanto a que la corte si bien dió instrucciones de homicidio involuntario de acuerdo con la teoría de la defensa, no las dió de los casos en que un homicidio es justificable y de su resultado (artículos 207, 209 y 211 del Código Penal), tenemos que decir que no era necesario dar esas instrucciones porque de la prueba no se desprendía la existencia de un homicidio voluntario ni ésta fué la teoría de la defensa según la declaración del apelante, ni se solicitó tal instrucción. *El Pueblo* v. *Rosado,* 17 D.P.R. 441.

Réstanos considerar los motivos 10 y 11 referentes a instrucciones dadas por la corte al jurado, aunque no fueron excepcionadas en la corte inferior como debieron serlo, habiéndose limitado el acusado a tomar una excepción general contra todas las instrucciones dadas por la corte. *El Pueblo* v. *Lebrón,* 23 D.P.R. 662; *El Pueblo* v. *Vélez,* 32 D.P.R. 382.

La corte dijo al jurado lo siguiente:

"En todos los casos criminales la ley presume que el acusado es inocente, mientras no se pruebe lo contrario de modo satisfactorio y por evidencia competente; y es regla de ley que su culpabilidad

debe ser claramente probada. Esta presunción de inocencia acompaña al acusado durante el juicio, y el jurado debe tenerla presente también al deliberar.''

Esa instrucción no induce al jurado a creer, como dice el apelante, que la presunción de inocencia sólo acompaña al acusado durante el juicio y a que al deliberar tengan en cuenta que la inocencia está con el acusado únicamente durante el juicio, pues lo que dice es que acompaña al acusado durante el juicio y que el jurado debe tenerla presente al deliberar, o sea, que es inocente durante la deliberación, según hemos declarado en el caso de *El Pueblo* v. *Sergio Plata.* 38 D.P.R. 89.

También la corte dió la siguiente instrucción:

''Por un precepto expreso de la ley el acusado puede o no declarar, según así lo desee. Es un privilegio sagrado. Un derecho que él tiene. En este caso el acusado ha declarado. Él ha ocupado el sitial de los testigos y, por tanto, su testimonio debe tomarse en consideración como el de cualquier otro testigo, teniendo, desde luego, en cuenta el interés que todo acusado tiene en su propia causa.''

El apelante alega que esa instrucción es errónea porque al decir al jurado que debe tener en cuenta el interés que todo acusado tiene en su propia causa, levanta serias sospechas sobre esa declaración y la hace inválida y contraproducente a los ojos del jurado.

La corte instruyó correctamente al jurado al decirle que el testimonio del acusado . debe tomarse en consideración como el de cualquier otro testigo, y el hecho de que agregase que debía tener en cuenta el interés que tiene todo acusado en su propia causa no tiende a desacreditar la declaración del acusado y a hacerla inválida y por tanto no es errónea, pues se limita a decir al jurado lo que todo jurado sabe, esto es, que todo acusado tiene interés en su propia causa, circunstancia que según la ley ha de tenerse presente al apreciar el valor de la declaración de cualquier testigo. *El Pueblo* v. *Morales* (a) Yare Yare, 11 D.P.R. 320. Instrucciones iguales y similares han sido declaradas válidas en los casos:

siguientes citados en 19 Lawyers' Rep. Ann., nueva serie, páginas 814 y 817; *People* v. *Herrick,* 59 Mich. 563, 26 N. W. 767; *Smith* v. *State,* 118 Ala. 117, 24 So. 55; *State* v. *Moll-chen,* 53 Iowa 310, 5 N. W. 186; *State* v. *Zorn,* 71 Mo. 415; *State* v. *Morrison,* 104 Mo. 638, 16 S. W. 492; *State* v. *Morse,* 66 Mo. App. 305; *State* v. *Sanders,* 76 Mo. 35; *State* v. *Mounce,* 106 Mo. 226, 17 S. W. 226; *State* v. *Turner,* 110 Mo. 196, 19 S. W. 645; *State* v. *Young,* 99 Mo. 666, 12 S. W. 879, 2d appeal 105 Mo. 634, 16 S. W. 408; *People* v. *Rosch,* 107 Mich. 251, 65 N. W. 99; *Dryman* v. *State,* 102 Ala. 130, 15 So. 433; *State* v. *Nordstrom,* 7 Wash. 506, 35 Pac. 382; *Emery* v. *State,* 101 Wis. 627, 78 N. W. 145; *Felker* v. *State,* 54 Ark. 489, 16 S. W. 663; *Dunn* v. *People,* 109 Ill. 635; *Anderson* v. *State,* 104 Ind. 467, 4 N. E. 63; *Territory* v. *Taylor,* 11 N. M. 588, 71 Pac. 489; *People* v. *Hess,* 8 Appeal Div. 143, 40 N. Y. Sup. 486; *U. S.* v. *Kenny,* 90 Fed. 297; *People* v. *Fibbs,* 143 Cal. 102; *Regan* v. *United States,* 157 U. S. 301.

A pesar de lo expuesto aprovechamos esta ocasión para recomendar a las cortes de distrito que sean cuidadosas en sus palabras cuando instruyan al jurado sobre las declaraciones de los acusados para que no puedan ser interpretadas en el sentido de que inducen al jurado a creer que no tienen valor y que en consecuencia se revoquen las sentencias y se ordene la celebración de nuevos juicios, con los perjuicios consiguientes para la rápida administración de la justicia.

*La sentencia apelada debe ser confirmada.*