EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* LUIS CESTAU MORENO c/p CHAFLÁN, acusado y apelante.

*Números:* CR-63-413 al CR-63-415     *Resueltos:* 17 de febrero de 1965

*José Torres Ortiz,* abogado del apelante; *J. B. Fernández Badillo, Procurador General,* y *J. F. Rodríguez Rivera, Procurador General Auxiliar,* abogados de El Pueblo.

Sala integrada por el Juez Asociado Señor Pérez Pimentel como Presidente de Sala y los Jueces Asociados Señores Blanco Lugo y Ramírez Bages.

PER CURIAM: El apelante, Luis Cestau Moreno, fue convicto de un delito de ataque para cometer asesinato, y de otros dos delitos, uno por infracción al Art. 8 y otro por infracción al Art. 6 de la Ley de Armas (25 L.P.R.A. secs. 416 y 418). Fue sentenciado en 9 de febrero de 1962 a cumplir de 3 a 15 años de presidio por el primer delito y a cumplir un año de presidio por el segundo y un año de cárcel por el tercero que deberá cumplir concurrentemente con la segunda pena. En apelación apunta que el tribunal a quo incurrió en error (a) al admitir en evidencia la identificación quinta del ministerio público consistente de la declaración jurada del testigo de la defensa Menéndez Conde; y (b) al no dar instrucciones al jurado sobre ataque para cometer homicidio y sobre acometimiento y agresión grave y al no dar instrucciones sobre la defensa de coartada.

De acuerdo con el testimonio de Bienvenido Tosado Feliciado, éste conoció al apelante allá para el primero de diciembre de 1960 mientras estaba en una misión de agente encubierto en el muelle Núm. 13 de San Juan; que al día siguiente, al quejarse Tosado de que no conseguía trabajo, el apelante le ofreció trabajo relacionado con ponerle una bomba Molotov al Imparcial; que el día 7 aquél llamó a Tosado al Escudo Bar a eso de las 9:30 de la noche para que fuera a Masons Club, en la parada 22 y la Ave. Fernández Juncos a encontrarse con él; que allí el apelante lo invitó a entrar a un automóvil Chevrolet y al entrar, Cestau Moreno lo empujó de un puntapie hacia dentro y otra persona en el vehículo le dio un golpe en la nuca que le ocasionó la pérdida del conocimiento; que de allí lo llevaron a un sitio denominado El Monte, en Hato Rey, y allí el apelante sacó un revólver con un silenciador, y Tosado, al verlo, se le abalanzó encima y durante el forcejeo salió un tiro que le traspasó la mano a Tosado. Luego salió otro disparo. El acompañante de Cestau le dio un golpe a Tosado y enseguida Cestau le disparó un tercer tiro que le atravesó el muslo. En eso sonó la bocina del vehículo y Cestau y su acompañante se fueron. Tosado se arrastró hasta la avenida donde lo recogió una patrulla de la policía y lo llevó al hospital. Dos o tres días después, la detective llevó a Cestau al hospital y Tosado lo identificó como la persona que le disparó en la forma indicada. El apelante basó su defensa en una coartada consistente en que durante la noche de los hechos en cuestión el testigo Febus Marrero atendió al apelante, otro señor y dos muchachas, desde las 9:05 a 9:10 hasta las 11:30 de la noche, en el "Al Little Club", en la parada 23, en Santurce. El testigo Menéndez Conde declaró que acompañó a Cestau Moreno al referido club, luego al apartamiento de Conde, más tarde a Scharneco a comprar cigarrillos y tomar café; volvieron al referido apartamiento de donde partieron a las tres de la mañana. En la repregunta se le hizo referencia a Menéndez Conde a una declara-

ción que prestó el 11 de diciembre de 1960 en la cual se le preguntó: "Ud. podría decirme si en la noche del 8 de diciembre de 1960 usted estuvo, después de las 10 de la noche, con Luis Cestau Moreno?" y el testigo contestó: "No podría asegurárselo hasta que yo lo verifique". El testigo admitió que el contenido de esta declaración era correcto.

■ Luego de haber terminado la defensa de hacer su informe al jurado, el fiscal ofreció en evidencia la referida declaración escrita. La defensa dijo: "Sr. Juez, está fuera de orden. Si el compañero hubiera ofrecido en evidencia antes esa declaración jurada, yo la hubiese comentado, pero no lo hice toda vez que no había sido ofrecida en evidencia." El tribunal a quo, no obstante, la admitió. De hecho el contenido de la declaración había sido admitido en la repregunta del testigo sin objeción de la defensa. Se arguye que el tribunal a quo debió haber dado lectura a la declaración e instruir al jurado sobre su alcance; que su admisión sin instruir al jurado con respecto a la misma y sin conocer si la declaración fue o no a manos del jurado fue perjudicial al acusado. Este apuntamiento carece de mérito, pues el contenido de la declaración fue admitido por evidencia durante la repregunta del testigo, sin objeción por parte de la defensa. De todos modos, se trataba de prueba inconsecuente sobre un hecho ocurrido al día siguiente de los hechos, en circunstancias en que existía prueba independiente y suficiente para sostener el veredicto. *Pueblo* v. *Pacheco*, 83 D.P.R. 526, 536 (1961).

■ La defensa no hizo objeción alguna a las instrucciones del tribunal de instancia ni solicitó instrucciones específicas sobre los aspectos de que se queja en apelación, a pesar de que se le solicitaron instrucciones específicas. Habiendo sido la coartada la única defensa aducida no procedía otro veredicto inculpatorio contra el apelante que el que resultó, pues el apelante negó ser el agresor. Bajo la teoría de coartada, procedía, de ser creída, un veredicto de absolución y ningún otro. *Pueblo* v. *del Valle*, 91 D.P.R. 174 (1964). En

cuanto a la falta de instrucciones sobre la coartada, el hecho es que el tribunal en su informe al jurado hizo referencia específica a los hechos en que esta defensa se basó e instruyó al jurado que "así también deberán absolverlo si ustedes entienden que Luis Cestau Moreno, el acusado, no estaba allí en ese sitio en el momento que se cometieron los hechos . . . si tienen duda sobre si él estaba allí, deben entonces darle la ventaja de la duda al acusado y absolverlo libremente".

■ Por último, apunta la defensa que la instrucción al efecto de que el apelante "ha ocupado el sitial de los testigos y por lo tanto su testimonio debe tomarse en consideración como el de cualquier otro testigo, teniendo desde luego en cuenta el interés que todo acusado tiene en su propia causa" tiene el efecto de desvirtuar y desacreditar tanto la defensa de coartada como la presunción de inocencia del apelante al extremo de anular por completo la presunción de inocencia de éste. Ya hemos resuelto varias veces que tal instrucción se ajusta a la ley. *Pueblo* v. *Febres Córdova*, Per Curiam resuelto en 15 de junio de 1964; *Pueblo* v. *Morales González*, 39 D.P.R. 30, 36–37 (1929).

*Se confirmará la sentencia dictada en este caso por el Tribunal Superior, Sala de San Juan en 9 de febrero de 1962.*