THE STATE v. WHITE, *Appellant.*

1. **Criminal Law**: CONCEALING BIRTH OF CHILD. An indictment against a woman for endeavoring to conceal the birth of a child, of which she has been delivered, by secretly burying the same, will be good if it follows the language of the statute. It need not allege any specific intent on her part; and it is immaterial whether the child was still-born or not.

2. **Practice**: EXAMINATION OF EXPERTS. In the examination of experts, counsel are not always limited to asking for the opinion of the witness upon a stated case. In the present case the court permitted the witness to be asked whether "in his experience as a physician, or in his reading, he had ever met with a case" where such a condition of affairs existed, etc. *Held,* no material error.

*Appeal from Lafayette Criminal Court.*—HON. J. E. RYLAND, Judge.

AFFIRMED.

The indictment charged that the defendant "on the 1st day of January, 1882, being then and there pregnant and big with a female child, was then and there delivered of said female child, and being so delivered of the said female child, did, on the said 1st day of January, 1882, at, etc., unlawfully, feloniously, knowingly and willfully endeavor privately to conceal the birth of said female child by secretly exposing and subjecting the body of the said female child to a fire of intense heat, and then and there thereby baking and partly burning the body of the said female child, and that the said Martha White afterward, to-wit: on the same day and year last aforesaid, then and there did unlawfully, feloniously, knowingly and willfully endeavor, privately, to conceal the birth of the said female child by secretly hiding the body of the said female child under the house of the said Martha White, there situate, so that it was not and could not be known then and there whether the said female child was born alive or not; and so the jurors aforesaid upon their oath aforesaid do say and present that the said Martha White being delivered of the said female child as aforesaid, did unlawfully, feloniously, willfully and knowingly, in the manner and form and by the means aforesaid, endeavor to conceal the birth of the said female child by secreting, baking and partly burning and hiding the body of the said female child, so that it was not and could not be known then and there whether the said female child was born alive or not; against the peace and dignity of the State."

Defendant, who was an unmarried woman, did not deny that she had secreted the body of the child, but claimed that she was delivered unexpectedly while in a standing position, that the child fell to the floor and was either born dead or was killed by the fall, and that she had concealed it under a pile of hot ashes to hide her shame. At the trial she objected to any evidence being given in support of the indictment:  1st, Because it did not allege

The State v. White.

that the child was dead at the time of the alleged burning or burying; 2nd, Because it did not charge any intent. These objections were overruled, and the State produced, among other witnesses, Dr. Seber, who testified to having found a round hole, about the size of a half dollar, in the child's skull. He was then asked this question: " I will ask you as a medical man if, in your experience as a physician, or in your reading, you ever met with a case where such a condition of affairs existed as you found in this child's head, produced by the woman giving birth to the child while standing?" Defendant objected to this question as not calling for medical testimony, and not asking if the thing was possible but if the witness ever knew of such a case. The objection was overruled, and the witness allowed to answer. Other testimony was given both for the State and for the defendant, at the close of which the court, at the request of the prosecuting attorney, gave the following instructions:

1. If the jury believe from the evidence, that the defendant, at any time within three years next before the finding of this indictment was pregnant with a female child, and was then and there delivered of said child, and that said defendant, after being so delivered of said child, did, within the time and at the county aforesaid, knowingly and willfully endeavor privately to conceal the birth of said child by secretly partly burning the body thereof, or by secretly hiding the body of the said child so that it was not and could not be known, then and there, whether the said child was born alive or not, then they will find her guilty, and so finding will assess her punishment at imprisonment in the penitentiary for a term not less than two nor more than seven years.

2. The question as to whether said child was born dead or alive is not submitted to the consideration of the jury; the crime under this indictment being complete, if the jury shall believe from the evidence that defendant, within the time, and at the county aforesaid, was pregnant

with and delivered of a female child, as charged in the indictment, and that after being so delivered of said child, she then and there, knowingly and willfully, that is to say, understandingly and intentionally, endeavored privately to conceal the birth of said child by secretly partly burning the body of said child, or by secretly hiding the same, so that it was not and could not be known, then and there, whether the said child was born alive or not.

3. Though the jury may believe from the evidence that defendant felt great shame and mortification at the birth of said child, still such feelings are no defense to this prosecution, and the jury should not acquit on such grounds.

4. This is not a prosecution for the murder of said child, nor is it material to the finding of a verdict of guilty that the jury should know whether said child was killed, or whether said child was born dead or alive. It is sufficient, under this indictment, if the jury shall believe from the evidence that the defendant was pregnant with, and delivered of a child, and after being so delivered, in manner and form as charged in the indictment, endeavored privately to conceal the birth of said child, and that by such endeavor to conceal such birth she then and there destroyed the means of knowing or ascertaining whether said child was born alive or not.

Defendant asked, and the court refused, the following instructions:

2. If the jury believe from the evidence that the defendant was delivered of a female child, that the child at the time being dead, she placed the same in a box and afterward buried the same, throwing ashes thereon, that she so placed said ashes on the same not feloniously, so that it might not be known whether or not the child was born dead or alive, but for the purpose and with the intent of hiding it, the child, or for the purpose of burying it, then the jury will find the defendant not guilty, even though

you may believe that after said ashes were put .thereon the body of the child was burned.

3. It is not every putting away of the body of a child that is a crime, but the same must be done willfully and feloniously (as these terms are heretofore defined) with the intent that it may not be known whether it was born alive or not; if, therefore, the jury believe from the evidence that the defendant did put away and secrete the body of the child; that the same was burned by accident; that she so put it away not with the intent to conceal and efface the evidence of whether it was born alive or not, but that if dead at the time she put the same away, through shame, and that the fact of birth itself, and not whether born alive or not might not be known, then you will find the defendant not guilty.

4. The defendant is not indicted for burning, secreting and putting away her child, but for burning, secreting and putting away the same so that it may not be known whether the said child was born alive or dead; if, therefore, the jury believe from the evidence that the defendant did secrete, burn and put away her child, yet if you further believe that the said child was burned through accident, after it was dead, and was buried by defendant when dead, not to destroy the evidence of whether it was born alive or not, but for the purpose of hiding her shame and the fact of its birth, and not the fact of whether so born alive or not, you will find defendant not guilty.

5. If the jury believe from the evidence that the said child was still-born, that is born dead, or died almost instantly after birth, and the same was afterward put away and buried by the defendant with no intent or purpose to cover up or destroy the evidence of whether it was born alive or not, or that it might not be known whether it was born alive or not, you will find defendant not guilty.

The jury found defendant guilty, and she was sentenced to the penitentiary. From this judgment she appealed to this court.

The State v. Andrew.

*Alex. Graves* for appellant.

*D. H. McIntyre*, Attorney General, for the State.

HOUGH, J.—The defendant was indicted under section 1252 of the Revised Statutes for endeavoring privately to conceal the birth of a child of which she was delivered, so that it could not be known whether it was born alive or not, and was convicted and sentenced to two years' imprisonment in the penitentiary.

The indictment follows the language of the statute and is sufficient. No specific intent need be alleged, and it is wholly immaterial whether the child was still-born or not.

No material error was committed by the court in the admission or rejection of testimony, and none in giving or refusing instructions, and the judgment will be affirmed. All concur.