THE STATE v. IHRIG, *Appellant.*

DIVISION TWO.

1. **Criminal Law:** CONCEALING BIRTH OF CHILD : INDICTMENT : STATUTE. An indictment under Revised Statutes, 1889, section 3479, providing that " every woman who shall be delivered of a child and shall endeavor privately by * * * burying the same * * * to conceal the birth thereof, so that it may not be known whether it was born alive or not, shall be deemed guilty of a felony," need not allege any specific intent on the part of defendant in burying the child.

2.  **Criminal Practice:** DEFENDANT AS WITNESS: INSTRUCTION.  An instruction in such case that the defendant is a competent witness in her own behalf, and that in passing on her testimony the jury may take into consideration the fact that she is the defendant, and her interest in the result of the case, is not objectionable as being a comment on the evidence.

3.  ———: QUESTION OF FACT: FINDING OF TRIAL COURT.  The finding of a trial court on a question of fact, e. g., the competency of a jury, where there is conflicting evidence, will not be disturbed in the supreme court.

4.  **Criminal Law:** CONCEALMENT OF BIRTH OF CHILD: EVIDENCE. The evidence in this case examined, and *held* to support the verdict of conviction.

*Appeal from Hickory Circuit Court.*—HON. W. I. WALLACE, Judge.

AFFIRMED.

*J. D. Arbee, W. O. Mead* and *J. D. Irvin* for appellant.

( 1 )  The indictment in this case was attempted to be drawn under section 3479, Revised Statutes of 1889, but it fails to state the offense provided for by that section, and defendant's objection to the introduction of any testimony should have been sustained.  There is a material difference between the case at bar and *State v. White,* 76 Mo. 96.  ( 2 )  The court erred in giving instructions asked by the state.  The jury should have been instructed to acquit the defendant, for the reason that there was no testimony whatever of any effort or purpose on the part of the defendant to conceal the birth of a child, nor did the state prove that a male child was born, as alleged in the indictment.  ( 3 )  The court had no right, by an instruction, to comment upon the testimony of the defendant in her own behalf, or to call the attention of the jury specifically to it and the weight to be given it, as in this case ; but, on the contrary, the jury should be left free and without any intimation from the court as to the weight to be given her

testimony, as in the case of any other witness. *State v. Anderson*, 86 Mo. 309; *State v. Young*, 99 Mo. 666. ( 4 ) The court erred in overruling the defendant's motion for a new trial.

*John M. Wood*, Attorney General, for the State.

( 1 ) The indictment was sufficient, and the instructions proper. *State v. White*, 76 Mo. 96. ( 2 ) It does not appear from the record here that' it contains all of the instructions, but it does appear that other instructions were given on the part of the appellant, and the presumption will be indulged that they were proper,. and applied to the whole case. *State v. Tucker*, 84 Mo. 22; *Birney v. Sharp*, 78 Mo. 73; *Greenbaum v. Millsaps*, 77 Mo. 474; *State v. Anderson*, 86 Mo. 309; *State v. Burk*, 89 Mo. 635. ( 3 ) One of the grounds stated in the motion for a new trial is that juror John Winkle had prejudged the case ; upon the evidence presented on both sides, the court found that the charge against the juror was not sustained, and this finding, being supported by the evidence, which it was the duty of the trial judge to weigh and consider, will not be disturbed in the appellate court. *State v. Gonce*, 87 Mo. 627 ;. *State v. Cook*, 84 Mo. 40; *Morgan v. Ross*, 74 Mo. 318.

Macfarlane, J.—Defendant was indicted by the grand jury of Hickory county under section 3479,. Revised Statutes, 1889, for endeavoring to conceal the birth of a male child of which she had been delivered, by secretly burying its body, " so that it was not known and could not be known whether it was born alive or not."

The indictment does not charge any intent or purpose of defendant in secretly burying the child, and objection is urged against its sufficiency upon that ground. The statute provides that " every woman who shall be delivered of a child, and shall endeavor, privately, by * * * burying the same, * * * to

conceal the birth thereof, so that it may not be known whether it was born alive or not, shall be deemed guilty of a felony, and shall, upon conviction, be imprisoned in the penitentiary not more than seven years." The indictment charges the offense as it is defined by the statute and follows the language of the statute; every necessary averment is made. This is a copy in all material averments of an indictment, framed upon the same section, and approved by this court in the case of *State v. White*, 76 Mo. 96. In that case it was held that "no specific intent need be charged." The indictment is sufficient.

II. Defendant objects to the following instruction given by the court: "The defendant is a competent witness in her own behalf, and you should take her testimony with consideration. and give it such weight as you may believe it entitled to, and in passing upon her testimony, and weighing her statements, you may take into consideration the fact that she is the defendant, and her interest in the result of the case."

The objection urged to the instruction is that it comments upon the testimony of the defendant. The same objection has been made to similar instructions, and it has been held that, while the instruction is something of a comment upon the testimony of the defendant, it is justified by the terms of the statute, under which one on trial, for a criminal charge, is allowed to testify in his own behalf. *State v. McGuire*, 69 Mo. 197; *State v. Zorn*, 71 Mo. 415; *State v. McGinnis*, 76 Mo. 326; *State v. Young*, 105 Mo. 634; *State v. Cook*, 84 Mo. 40.

Objection was made, in the motion for a new trial, to the qualification of one of the jurors, based upon the ground that, previous to being impaneled as a juror, he expressed the opinion that defendant was guilty, and should be sent to the penitentiary. The court heard all the evidence offered on this question, and found that the accusation against the juror was not sustained. While

the evidence was conflicting, it was sufficient to justify the finding of the court. Where questions of fact are required to be passed upon by the circuit court in law cases, its finding should not be disturbed, where there is substantial evidence to support it. *State v. Gonce,* 87 Mo. 627; *State v. Cook, supra.*

No other specific errors are assigned, but counsel for defendant make the general complaint that "the jury should have been instructed to acquit defendant for the reason that there was no testimony of any effort or purpose on the part of defendant to conceal the birth of the child." The evidence was preserved, and we have examined it carefully. It discloses the following facts: Defendant was about thirty-six years old, unmarried, and the mother of five living children. She lived on a homestead with two small children, had been in the state about twenty years, in the county seven or eight years, and at the place she was then living nearly one year. Her nearest neighbor was a quarter of a mile away. Previous to the alleged offense, the neighbors observed that she was pregnant. On being accused of being in that condition, she denied it. The child was born Friday night, and on the next day she herself buried it in a rather secluded place near the house. She dug a grave three or four inches deep, in which she placed the child wrapped in an old piece of quilt. Boards were placed at the sides not extending above the ground, and all was covered first with dirt, then stones, over all of which were spread leaves and brush. She informed none of her neighbors of what had occurred, though one, a lady, was at her house on Saturday. The grave was found on Sunday afternoon. When she saw persons at the grave, she left home and walked six miles, and could go no further on account of weakness. On the other hand defendant testifies that she received a fall which caused a premature birth; that the child was dead when born; that she did not,

in burying it, endeavor to conceal its birth.    She testi-
fied further that she had no friends in the neighbor-
hood, and the people had threatened to burn her house.

A case might be in which a woman was so ostracized
by a community that she would bury a stillborn child
without any purpose or endeavor to conceal its birth.
The question in this case, however, was submitted to
the jury under very favorable instructions; the evidence
was sufficient to support the verdict, the circuit judge
who heard the evidence, and saw the witnesses, refused
her a new trial, and the trial seems to have been fair and
impartial throughout.    We can do nothing but affirm
the judgment.    Judgment affirmed.    All concur.

