## AMANDA STETZLER v. METROPOLITAN STREET RAILWAY COMPANY, Appellant.

### Division One, April 1, 1908.

1. PRACTICE: Competency of Physician: Sending Jury Out. Where defendant calls plaintiff's physician and the question of his competency is raised, it is a wise and judicious course of procedure for the trial court to direct that the jury be sent out and that defendant in their absence ask him such questions as he intends to ask when the jury is recalled, with the view of enabling the court to judge of the competency of the evidence.

2. NEW TRIAL: Discretion: Conduct of Counsel. An appellate court is reluctant to interfere with the exercise of the judicial discretion of the trial court to grant a new trial, especially where the case turns on the weight of the evidence or the conduct of counsel during the trial.

3. ————: Misstatement of Evidence by Counsel. Plaintiff sued the defendant street railway company for the negligent starting of a car while she was in the act of alighting therefrom,

and testified that as she got her foot in the air ready to step off, the car started with a jerk and threw her off. In the absence of the jury, plaintiff's physician, in answer to inquiries by the court, stated that plaintiff had said to him that she attempted to get off of defendant's car, and just as she was doing so a young man with a suitcase who was in a hurry to reach a train brushed against her and she fell from the car. Defendant's counsel than stated what he proposed to show by this witness, but his statement related only to the physical condition in which the witness found plaintiff after the accident and during his treatment of her, and made no reference to what the plaintiff said to the witness about the accident, and when the jury was recalled the inquiry was along the line indicated by the statement, and the physician was not asked in regard to anything the plaintiff said to him about the accident or how it occurred. In his argument to the jury defendant's counsel upbraided plaintiff for not putting this witness on the stand and stated the reason why she had not done so was that "they knew that he would testify, as he has testified in this case, that the plaintiff told him that she had been pushed off the car by a young man with a suitcase." The physician had not made any such statement before the jury, and plaintiff's counsel promptly objected and excepted to the refusal of the court to reprimand defendant's counsel and to instruct the jury that there was no such testimony. The trial court held that defendant's counsel had misstated the evidence in this regard, and granted plaintiff a new trial because of such misstatement, etc. *Held*, that the misstatement was significant, and the granting of a new trial under the circumstances was peculiarly within the judicial discretion of the trial court, and the appellate court would not be justified in holding that the court committed error in granting a new trial.

4. **INSTRUCTION: Interest of Plaintiff as Affecting her Credibility: Civil Case.** The interest that a witness has in a civil suit may be shown, to be considered by the jury in weighing her evidence, but when that fact is shown the jury should be left to exercise its own discretion as to the weight to be given to her testimony. The court has no right to single out a particular witness, whether she be a party to the suit or not, call the jury's attention to her interest in the suit as an inducement liable to cause her to give false testimony, and tell them to be careful how they give credence to what she has said. So that it was error to instruct the jury that "in determining what weight and value you will give to plaintiff's testimony, you may take into consideration, with all the other facts and circumstances before you, the fact that she is the plaintiff testifying in her own behalf and her interest in the result of the

suit. Whatever statements, if any, she may have made against her own interest must be regarded as true; what she may have said in her own favor is to be taken as true or false as you may believe it to be true or false," etc.

5. ————: ————: **Thoughtless Admissions.** This instruction is further erroneous in telling the jury, in effect, that whatever admissions fell in thoughtless or careless conversations from the plaintiff's lips are to be taken as true, if against her interest, while everything she may have said in her own behalf must be scrutinized with care.

6. ————: **Contributory Negligence: No Evidence.** Where there is no evidence that plaintiff was guilty of negligence in getting off the car, no instruction on the subject of contributory negligence should be given.

Appeal from Jackson Circuit Court.—*Hon. John G. Park,* Judge.

AFFIRMED.

*John H. Lucas, Ben F. White* and *F. G. Johnson* for appellant.

The court erred in setting aside the verdict and granting a new trial to plaintiff. Noble & Ware v. Mitchell (Ala.), 25 L. R. A. 238; Roose v. Roose, 145 Ind. 482; Busche v. Scully, 107 Ind. 246; Obert v. Strube, 51 Mo. App. 621.

*C. E. Burnham, Kelly, Brewster & Buchholz* and *W. E. Burnham* for respondent.

(1) The court did not err in setting aside the verdict and granting a new trial to the plaintiff. Norton v. Railroad, 40 Mo. App. 642; McDonald v. Cash, 45 Mo. App. 66; Ritter v. Bank, 87 Mo. 576; Evans v. Town of Trenton, 112 Mo. 390; Ensor v. Smith, 57 Mo. App. 584; State v. Barham, 82 Mo. 67. (2) The trial court erred in permitting Judge Johnson during the trial of the case to argue to the jury that plaintiff had told Dr. Boarman that she had been knocked off

the car by a young man with a suitcase. Thompson on Trials, secs. 958 and 969; Marble v. Walters, 19 Mo. App. 135. (3) The court erred in failing and refusing to reprimand Judge Johnson for arguing to the jury that plaintiff had told Dr. Boarman that she had been knocked off the car by a young man with a suitcase. Messengale v. Rice, 94 Mo. App. 430. (4) The court erred in permitting Judge Johnson to repeat said argument before the jury and in failing and refusing to reprimand counsel for repeating said argument to the jury. Gibson v. Zeibig, 24 Mo. App. 65; Tucker v. Hanniker, 41 N. H. 317. (5) The court erred in refusing the plaintiff's request that the stenographer's notes of Dr. Boarman's testimony be read in order that it might be ascertained whether or not he did testify that plaintiff had told him she had been knocked off the car by a young man with a suitcase. (6) The court erred in giving defendant's instruction 7 over the objection and exception of the plaintiff. Sheperd v. Railroad, 189 Mo. 363; Cafferatta v. Cafferatta, 23 Mo. 235; Montgomery v. Railroad, 181 Mo. 477; Conner v. Railroad, 181 Mo. 415; Zander v. Railroad, 103 S. W. 1006. (7) This court should sustain the trial court in granting a new trial if there is any error in the record. Hewett v. Steele, 118 Mo. 463; McShane v. Sanderson, 108 Mo. 316; Stanard Milling Co. v. White Line Cent. Transit Co., 122 Mo. 258; Bank v. Armstrong, 92 Mo. 265; Lovell v. Davis, 52 Mo. App. 342. (8) The burden is upon appellant to show that the trial court abused its discretion in granting a new trial. Eidemiller v. Kump, 61 Mo. 340; McCollough v. Ins. Co., 113 Mo. 606; Kennedy v. Holladay, 105 Mo. 24; Bank v. Wood, 124 Mo. 72; Rickroad v. Martin, 43 Mo. App. 597; Hewett v. Steele, 118 Mo. 463. (9) The action of the trial court in granting a new trial will be sustained by the appellate court if it can be done upon any of the grounds set

out in the motion for that purpose, even though the grounds upon which it was granted had been entered of record and notwithstanding the court may have given a wrong reason for sustaining the motion. Hewett v. Steele, 118 Mo. 463; McShane v. Sanderson, 108 Mo. 316.

VALLIANT, P. J.—This is a suit for damages for personal injuries alleged to have been received by the plaintiff as the result of the negligent starting of a street car on which she was a passenger while she was in the act of alighting therefrom. The only witness for the plaintiff to the accident was the plaintiff herself; her testimony was to the effect that she was a passenger on the car, it stopped at the intersection of Ninth and Main streets to allow passengers to alight, that she was in the act of getting off the car, had gone out on the rear platform, had stepped down on the lowest step of the car, "I got my foot in the air ready to step off, and the car went with a jerk and threw me." She stated that there were two men getting off the car at that time, one was a young man with a grip, he had asked the conductor about going to the Union Depot and when the car stopped he got off before plaintiff, the other got off after her. The other evidence in plaintiff's behalf related to the nature of her injuries. The testimony on the part of the defendant was to the effect that the plaintiff alighted safely from the car and advanced to the sidewalk and after getting on the sidewalk tripped and fell. The trial resulted in a verdict for the defendant. Plaintiff filed a motion for a new trial, which the court sustained, and the defendant appealed.

The only ground on which the motion for a new trial was sustained, as stated by the court, was that counsel for the defendant in his argument to the jury had misstated the evidence of one of the witnesses for

the defendant.   The ruling on that point presents the
first question for our consideration.

The defendant called as a witness a physician who
had attended the plaintiff and had treated her for her
injuries.   As some question was likely to arise as to
the competency of this witness's testimony, the court
directed that the jury be sent out of the room.   After
the jury had retired the counsel for defendant was
directed to ask the witness such questions as he intend-
ed to ask when the jury should be recalled, this with
a view to enable the court to judge of the competency
of the evidence, a course of procedure which we will
take this occasion to say was very wise and judicious.
In the absence of the jury, after the witness in answer
to questions by counsel for defendant had stated that
he was a practicing physician and that he had been
called to attend the plaintiff and had continued to
attend her for about two months, the following oc-
curred:   "By the Court:   Q.   You waited on her; did
she at any time tell you of any hurt she had received
or injuries that she had?   A.   She did.   Q.   You may
state what she said in reference to the manner in
which she received these injuries?   A.   She said she
was on the Metropolitan car on Main street coming
north, and when she got to Ninth and Main streets,
where she was going to get off, she had heard the con-
ductor talking to a man in the car that wanted to go
to the Union Depot, and the conductor told him he
would have to hurry to catch the Ninth street car,
and the man as she started to get off—the man brushed
against her and she fell from the car.''

While the jury was still out counsel for defendant
stated to the court in the way of an offer what he
purposed to show by this witness, in which statement
he made no reference to what the plaintiff said to
the witness about the accident, but it related only to
the physical condition in which the witness found her

and during his treatment of her. At the conclusion of which offer the counsel for the plaintiff said they made no objection to it. The jury then came in and the trial was resumed with the physician as a witness for the defendant on the stand; his testimony was on the line of the offer above stated; he was not asked in regard to anything the plaintiff said to him about the accident or how it occurred.

In his argument before the jury the counsel for the defendant said: "Why did not the plaintiff put Dr. ———— (naming the physician) upon the stand? I will tell you why; they did not dare do so; they knew that he would testify, as he has testified in this case, that the plaintiff told him she had been pushed off the car by a young man with a suitcase." When this statement was made counsel for the plaintiff immediately objected and stated that there was no such testimony by the physician and he objected to any argument based thereon, and requested the court to reprimand the counsel for defendant and to instruct the jury to disregard such argument, but the court refused the request, saying at the time that the jury would remember the evidence. Thereupon counsel for defendant said that he would submit to the jury whether or not there was such evidence and that if there was not such evidence that fact should count against him, and again asserted that there was such evidence. Counsel for plaintiff again stated that there was no such evidence and asked the court to reprimand counsel for defendant and asked that the stenographer's notes be read to the jury, but the court refused the request and said the jury should determine whether or not there was such evidence in the case.

In ruling on the motion for a new trial the trial judge delivered a written opinion in which he said: "This motion must be sustained because of the error of counsel for defendant in misstating the testimony

in his argument to the jury." Then, after citing and quoting decisions on the point, the trial judge continued: "The court likewise erred in refusing to reprimand counsel for the misstatement. It is due to the able counsel for defendant to say that without question his argument was made in the best of faith, believing the facts were in evidence, but he was mistaken, and the court was mistaken in failing to take prompt measures to correct the mistake. Error is presumed prejudicial and in a close case like this, where error has undoubtedly intervened, the interests of justice demand a new trial be had."

I. A motion for a new trial is to a great degree addressed to the judicial discretion of the trial judge, and an appellate court is reluctant to interfere with the exercise of that discretion. Particularly is this so when the case turns on the weight of the evidence or on the conduct of the counsel in the trial. The trial court is better able than is the appellate court to estimate the value of the evidence and the effect on the jury of the conduct of the parties during the trial. Therefore it has always been the rule to sustain the action of the trial court in granting a new trial if it appears that the court in doing so acted on grounds peculiarly within the domain of its discretion, and the record so shows. In fact the appellate courts often express regret that the trial courts do not more frequently exercise their power within that domain.

There was just enough evidence in this case to render the misstatement of the evidence complained of very significant. The plaintiff in her testimony had said that two men were getting off the car at that time, one with a grip (by which we understand, a valise, or traveling bag of some kind) aiming to go to the Union Depot; the conductor had told him that if he would hurry he would catch the Ninth Street car that was going to the station and that when she got

off he was coming on behind her. Here then we have a man with a traveling bag in his hand in a hurry to get off the car; and following closely behind the plaintiff while she was on the platform or the step of the car, and with that picture in the jury's mind the counsel states that the witness said that the plaintiff told him that the man with the grip brushed against her and she fell off. It was a critical point in the evidence and although when the counsel for defendant made the assertion counsel for plaintiff disputed it, yet it was reasserted and when the court was appealed to to correct the mistake the court did not at that time feel justified in doing so, but ruled in effect that whether the witness had or had not said so was a question which the jury should settle for themselves. But when the motion for a new trial came on for consideration the court was satisfied that wrong had been done and that the ends of justice called for a new trial. We do not feel justified in reversing that ruling of the trial court in a matter so peculiarly within its judicial discretion.

II. The respondent contends that even if the court erred in granting a new trial on the ground stated yet there were other errors which justified the ruling and she points out the giving of the following instruction:

"The court instructs the jury that the plaintiff is a competent witness in her own behalf, and you must consider her testimony in making up your verdict; but in determining what weight and value you will give to her testimony, you may take into consideration, with all the other facts and circumstances in evidence before you, the fact that she is the plaintiff testifying in her own behalf and her interest in the result of the suit. Whatever statements, if any, that she may have made against her own interest must be regarded as true—what she may say in her own favor is to be

taken as true or false as you may believe it to be true or false when taken into consideration with all the other facts and circumstances detailed in evidence before you.''

The giving of that instruction was error. An instruction in substantially the same form was approved by a majority of this court in Feary v. Railroad, 162 Mo. l. c. 105, but that case on that point has been practically overruled in Conner v. Railroad, 181 Mo. l. c. 415; Montgomery v. Railroad, Id., 477; Sheperd v. Railroad, 189 Mo. 362; and Zander v. Railroad, 206 Mo. 445, 103 S. W. 1006.

The interest that a witness has in the litigation may be shown, to be considered by the jury in weighing her evidence, but when that fact is shown the jury should be left to exercise its own judgment as to the weight to be given the testimony. It has so long been the practice for the courts to instruct the juries that in weighing the evidence they shall consider the interest, if any, the witnesses have, and their demeanor on the stand, that no question is now raised as to general instructions of that kind, but if the courts have the right to instruct at all on that subject that is as far as they should go, and even to that extent instructions should not be given unless there is evidence to justify them. But the court has no right to single out a particular witness whether she be a party to the suit or not, call attention to her interest as an inducement liable to cause her to give false testimony (for that is what the warning means) and tell the jury to be careful how they give credence to what she may say. The jury are the sole judges of the credibility of the witnesses and they know, as well as the judges know, that interest often influences the testimony of a witness, that even when there is no intentional false swearing the wish is often father to the thought and it sometimes colors memory. Those are facts of com-

mon experience, they influence men in their everyday transactions and they influence men in the jury box. It is a common sense proposition concerning which men of ordinary intelligence need no instruction.

There is another error in this instruction, to-wit, after singling out the plaintiff and cautioning the jury to beware of the influence of her interest on her testimony, it tells them, in effect, that every word she may have uttered which militates against her interest, whether deliberately or thoughtlessly, solemnly or lightly, is to be set down as truth, while everything she may have said in her own interest is to be scrutinized with care. We do not mean of course that such was the language of the instruction, but such was the meaning that it was liable to convey. There are admissions that are indisputable, for example, admissions in the record, and there are admissions made with deliberation and for a purpose which though disputable are entitled to great weight as evidence, and there are admissions that fall from the lips in thoughtless or careless conversations that are entitled to but little weight. But this instruction draws no distinction.

III. The court also gave for the defendant the following instruction:

"The court instructs the jury that in this case the mere fact that the plaintiff was injured while alighting from a car of a street railway company, gives her no right to sue and recover damages therefor from such street railway company. Before she can recover in this case, you must not only find that the defendant street railway company was negligent in the particular and specific respects submitted in these instructions, but you must further find that such negligence was the direct cause of the injury, and even then she cannot recover in this case if she was neg-

ligent and her negligence directly contributed to her injury.''

That instruction was erroneous because there was no evidence at all tending to show that the plaintiff was guilty of contributory negligence. She was either thrown off by the sudden starting of the car, as her testimony tends to prove, or else she got off safely, walked to the sidewalk and there tripped and fell, as the defendant's testimony tended to prove. There is not a word of evidence tending to show that in the act of getting off the car she was negligent.

The trial court was right in granting a new trial. The judgment is affirmed.

All concur.