State v. Dower.

---

## STATE OF MISSOURI, Respondent, v. DOWER, Appellant.

**St. Louis Court of Appeals, December 15, 1908.**

1. PRACTICE: Withdrawing Incompetent Evidence. Where incompetent evidence was admitted but afterwards withdrawn from the consideration of the jury by instruction, it can not be said that the minds of the jury were influenced by it.

2. SMOKE ABATEMENT: Misdemeanor: Possible Device. In a prosecution of defendant for violation of the Act of 1901 prohibiting the discharge of dense smoke in cities of one hundred thousand inhabitants, it was not a good defense to show that a smoke abatement device could not be attached to the defendant's boilers which caused the smoke, where it was shown that such boilers could be replaced with those of another kind to which a smoke abatement device could be attached.

3. ———: ———: ———: Ordinance. The Act of 1901 relating to smoke abatement, is self-enforcing, and while it may be supplemented by ordinance, such ordinance is not necessary to its enforcement.

4. PRACTICE: Misdemeanor: Instruction: Witness. It is not error to instruct the jury on a prosecution for a misdemeanor that the defendant is a competent witness on his own behalf, that his testimony is to be weighed by the same rules governing the testimony of other witnesses, but that in passing upon the weight to be given his testimony the jury should take into consideration the fact that he is the defendant and the interest which he has in the result of the case.

Appeal from St. Louis Court of Criminal Correction.— *Hon. Wilson A. Taylor*, Judge.

AFFIRMED.

*Leverett Bell* for appellant.

(1) In the absence of an ordinance by the city of St. Louis on the subject the conviction herein cannot be sustained. State v. Hietzburg, 141 Mo. 375; State v. Tower, 185 Mo. 79; State v. Eyerman, 115 Mo. App. 660. (2) The instruction given by the court and known as number 4 is erroneous. Stetzler v. Railroad, 210 Mo. 704, 109 S. W. 666.

BLAND, P. J.—On January 18, 1908, an information was filed in the Court of Criminal Correction, city of St. Louis, charging defendant with a violation of section 6208, Mo. Ann. St. 1906 (Laws 1901, sec. 19, p. 73) which reads as follows:

"The emission or discharge into the open air of dense smoke within the corporate limits of cities of this State which now have or may have hereafter a population of one hundred thousand inhabitants is hereby declared to be a public nuisance. The owners, lessees, occupants, managers or agents of any building, establishments or premises from which dense smoke is so emitted or discharged, shall be deemed guilty of a misdemeanor, and upon conviction thereof, in any court of competent jurisdiction, shall pay a fine of not less than twenty-five dollars, nor more than one hundred dollars. And each and every day whereon such smoke shall be emitted or discharged shall constitute a separate offense: *Provided, however,* that in any suit or proceeding under this act, it shall be a good defense if the person charged with a violation thereof shall show to the satisfaction of the jury or the court trying the facts, that there is no known practicable device, appliance, means or method by application of which to his build-

134 App—23

ing, establishment or premises the emission or discharge of the dense smoke complained of in that proceeding could have been prevented."

Defendant entered a plea of not guilty to the information, and the issues were tried to a jury, resulting in a verdict of guilty. For the State the evidence tended to show that three witnesses visited the premises on January 16, 1908, and found "heavy, dense, dark smoke" being emitted from defendant's boilers in his building, in the city of St. Louis. For defendant, the evidence shows the heater from which the smoke was emitted was known as the "Capital" or "National" heater and that there is no smoke abatement device which can be used on this heater; that smoke from this heater could only be abated by careful firing and that defendant had in his employ a fireman of four years' experience. The evidence also tends to show that only one complaint had been made of the smoke.

The court gave the following instructions for the State:

"1. In this case the defendant stands charged by the information filed in this case, as owner of certain buildings and premises, situated in the city of St. Louis, with wilfully (that is intentionally) suffering to be emitted and discharged from the smoke stack or chimney of said buildings or premises, dense smoke into the open air; to this charge he pleads 'not guilty' and it is for you to determine from all the evidence in the case his guilt or innocence, in connection with which the court instructs you as follows:

"If you believe and find from all the evidence in the case that in the city of St. Louis and State of Missouri, on the sixteenth day of January, 1908, the defendant, John Dower, was the owner of the building, and premises at 1454 to 1464 Union avenue, St. Louis, Mo., in said city, and that as such owner he did wilfully (that is intentionally) suffer or permit to be emitted and dis-

charged from a smoke stack or chimney of said building or premises, dense smoke into the open air, you will find him guilty as charged in the information and assess his punishment at a fine of not less than twenty-five dollars nor more than one hundred dollars, and unless you so find you will acquit the defendant.

"2. You are further instructed that if you believe to your satisfaction that there is no known practical device, appliance, means or method by application of which to defendant's building, establishment or prem-. ises, by which the emission of or discharge of the dense smoke could have been prevented, then you will acquit the defendant.

"4. The court further instructs you that the defendant is a competent witness in his own behalf, and his testimony is to be weighed by the same rules that govern the testimony of other witnesses; but upon passing upon the weight to be given to his testimony, you may take into consideration the fact that he is the defendant in the case, and the interest which he has in the result of the trial."

The court refused to give the following instructions asked by defendant:

"1. The court instructs the jury that it is a good defense to this action to show to the satisfaction of the jury that there is no practical device, appliance, means or method by application of which to defendant's building, establishment or premises, the emission or discharge of the dense smoke complained of in this proceeding could have been prevented, and if the jury so believe from the evidence they will find a verdict for the defendant.

"2. The court instructs the jury that under the law of Missouri the defendant in a case of this character is not compelled to employ anthracite instead of bituminous coal, nor to adopt any particular article of fuel."

1. Instruction No. 1, refused, is a repetition of

No. 2, given, and for this reason defendant has no ground to complain of the refusal of his instruction.

2. On his cross-examination one of defendant's witnesses was asked if there is any difference in the smoke when anthracite or hard coal is burned. His answer was, "No, sir." He was then asked, "if anthracite would make as much smoke as bituminous coal." He answered, "No, sir." On objection these questions and answers were stricken out. Notwithstanding they were stricken out, defendant insists that his refused instruction No. 2, should have been given and suggests that the questions and answers may have had an importance in the minds of the jury which was not cured by the ruling of the court striking out the evidence. There would have been no impropriety in giving the instruction and, in the exercise of an abundance of caution, perhaps the instruction should have been given, but it would require a stretch of the imagination, not the exercise of judicial acumen, to hold as a matter of law, that the jury was influenced by evidence which had been withdrawn from its consideration by the court.

3. Defendant strenuously contends that the evidence is insufficient to warrant a conviction. While the evidence shows that no smoke abatement device can be attached to the boiler in use, it also shows that another kind of boiler can be put in its place to which a smoke abatement device can be attached. The emission of dense smoke in the open air, in cities of one hundred thousand inhabitants or more is denounced by the statute as a public nuisance and made a misdemeanor. Under the statute it is a good defense if the accused shows to the satisfaction of the court or jury trying the facts "that there is no known practicable device, appliance, means or method by application of which to his building, establishment or premises the emission or discharge of the dense smoke," can be prevented. This defense is not available, where the de-

fendant installs, or unreasonably maintains in his building, or on his premises, boilers to which no smoke abatement appliances can be attached and which emit dense smoke into the open air. A public nuisance cannot be committed or maintained by the emission of dense smoke, when, as in this case, the evidence shows the offensive heater may be removed and another substituted in its place, to which a smoke abatement device can be attached. To admit this defense in such circumstances would be to grant an option to every proprietor of a building, or other premises, in cities of one hundred thousand inhabitants, of selecting and maintaining heaters to which no smoke abatement appliance can be attached, and the consequent privilege of violating the statute with impunity. It is not optional with the proprietor to obey or violate the statute as his whim or pecuniary interest may influence him. The statute applies to all alike and should be obeyed by every one using boilers in large cities. The evidence, as stated above, shows other boilers can be installed in defendant's building to which a smoke abatement appliance can be attached, and we think it is his duty to remove the offensive boiler and install in its place one to which a smoke abatement appliance can be attached.

4. Section 20, Laws 1901, p. 73, provides that cities to which section 19 is applicable may "enact all necessary or desirable ordinances, not inconsistent with the provisions . . . of this act." Because of this section defendant's learned counsel contends that section 19 is inoperative, for the reason no ordinance of the city of St. Louis was read in evidence, showing that the city had taken any action in respect to the abatement of the smoke nuisance. Section 19 is complete in itself and is self-operative. It is the law of the State, declaring the emission of dense smoke into the open air in cities of the class mentioned to be a public

nuisance and a misdemeanor. Section 20 authorizes these cities to supplement the act of the Legislature by passing ordinances not inconsistent with section 19, but they have no power to enlarge, detract from or modify section 19 of the act in the least particular.

5. It is argued that by instruction No. 4, given for the State, the court erroneously singled out defendant as a witness in his own behalf and told the jury to consider his interest in the suit as affecting his credibility as a witness. In the recent case of Stetzler v. Metropolitan St. Ry. Co., 210 Mo. 704, 109 S. W. 666, Division No. 1, of the Supreme Court, through VALLIANT, P. J., writing the opinion, commenting on a like instruction, at p. 668, said: "But the court has no right to single out a particular witness, whether she be a party to the suit or not, call attention to her interest as an inducement liable to cause her to give false testimony, for that is what the warning means, and tell the jury to be careful how they give credence to what she may say. The jury are the sole judges of the credibility of the witnesses, and they know as well as the judges know that interest often influences the testimony of a witness; that, even when there is no intentional false swearing, the wish is often father to the thought, and it sometimes colors memory. Those are facts of common experience. They influence men in their everyday transactions, and they influence men in the jury box. It is a common sense proposition concerning which men of ordinary intelligence need no instruction." It must be borne in mind that this was a civil suit.

Section 2637, Revised Statutes 1899, provides: "No person shall be incompetent to testify as a witness in any criminal case or prosecution by reason of being the person on trial or examination, or by reason of being the husband or wife of the accused, but any such

facts may be shown for the purpose of affecting the credibility of such witness."

In State v. Maguire, 69 Mo. 197 (1878), an instruction which told the jury that "by the statutes of this State the defendant is a competent witness in his own behalf, but the fact that he is a witness in his own behalf, may be considered by the jury in determining the credibility of his testimony," was expressly approved. The court said: "The statute authorizing the accused in criminal cases, to testify in his own behalf, provides that the fact that he is the person on trial 'may be shown for the purpose of affecting his or her credibility.'" The Maguire case has been approved and followed in the cases cited below and has never been overruled or criticized in any subsequent case. State v. Zorn, 71 Mo. 415; State v. Cooper, 71 Mo. 436; State v. Sanders, 76 Mo. 35; State v. McGinnis, 76 Mo. 326; State v. Cook, 84 Mo. 40; State v. Miller, 93 Mo. 263; State v. Young, 99 Mo. 666; State v. Brown, 104 Mo. 365; State v. Morrison, 104 Mo. 638; State v. Young, 105 Mo. 634; State v. Mounce, 106 Mo. 226; State v. Ihrig, 106 Mo. 267; State v. Noeninger, 108 Mo. 166; State v. Turner, 110 Mo. 196; State v. Wells, 111 Mo. 533; State v. Renfrow, 111 Mo. 589; State v. Maguire, 113 Mo. 670; State v. Pratt, 121 Mo. 566; State v. Taylor, 134 Mo. 109; State v. Bryant, 134 Mo. 246; State v. Napper, 141 Mo. 401; State v. Summar, 143 Mo. 220; State v. Miller, 159 Mo. 113; State v. Adair, 160 Mo. 391. The statute expressly declares that the fact that the defendant is the person on trial may be shown for the purpose of affecting his credibility. This is the law as enacted by the Legislature and it cannot be error to inform the jury what the law is. The case of Stetzler v. Railway, supra, has no application to a criminal case, and the learned judge who wrote the opinion did not have section 2637, supra, in mind and made no reference thereto or to the cases, supra, cited

thereunder. The instruction is authorized by the statute and, as we have seen, has been approved over and over again by the Supreme Court. No reversible error appearing, the judgment is affirmed. All concur.