HOUSTON E. COPELAND, Appellant, v. AMER-
ICAN CENTRAL INSURANCE COMPANY,
Respondent.

St. Louis Court of Appeals.    Argued and Submitted May 2, 1911.
Opinion filed June 6, 1911.

INSTRUCTIONS: Witnesses: Interest of Party. An instruction in
a civil case that, while the law permits plaintiff to testify in
his own behalf, the jury, in weighing his testimony and in
considering the credence to be given to it, may consider the
fact that he is the plaintiff and is interested in the result of
the suit, is reversible error.

Appeal from St. Louis City Circuit Court.—*Hon.
Hugh Muench*, Judge.

REVERSED AND REMANDED.

*S. C. Taylor* and *H. A. & C. N. Hamilton* for ap-
pellant.

An instruction singling out the evidence of plain-
tiff and calling the jury's attention to his interest in
the result of the suit is a comment on the evidence and
will not be allowed in a civil action. Stetzler v. Rail-
road, 210 Mo. 704; Huff v. Railroad, 213 Mo. 495;
State v. Dower, 134 Mo. App. 352.

*George L. Edwards* and *Charles B. Obermeyer* for
respondent.

It was proper to instruct the jury that they were
the sole judges of the credibility of the witnesses, and
if they believed that any witnesses testified wilfully,
falsely, concerning any material point in issue, the
whole or any part of the testimony of such witness
might be disregarded. Dun v. Henley, 24 Mo. App.
479; O'Neal v. Blase, 94 Mo. App. 648; Peckham v.
Lindell Glass Co., 7 Mo. App. 563; Owens v. Railroad,
95 Mo. 169; Gillett v. Wimer, 23 Mo. 77.

REYNOLDS, P. J.—This was an action to collect from defendant, fire insurance company of this state, the amount of a certain draft drawn by it under date August 11, 1909, in favor of one Blockburger and of one Taylor, the latter as trustee, the draft for the sum of five thousand dollars and expressed on its face to be in payment and settlement of a certain fire loss covered by a policy issued by defendant.

The second count of the petition, on which the case went to the jury, the first count being abandoned, avers that for value received defendant drew an inland bill of exchange upon itself, payable to the order of Blockburger and Taylor, trustee, for five thousand dollars, payable on demand, and that Blockburger and Taylor, trustee, before presentation of the inland bill of exchange, for value, indorsed and delivered it to plaintiff, who, after he became the owner and holder thereof, deposited it with the National Bank of Commerce for collection, and defendant, though having promised to pay the same and though the inland bill of exchange was a promissory note within the meaning of the law, refused to pay it and arbitrarily demanded that the bank should withhold the note from plaintiff, the lawful owner and holder thereof, thereby converting it to the use of defendant; that plaintiff is an innocent holder of the promissory note, having acquired it before maturity and for value. Judgment is demanded as before, a certified copy of the note or bill and receipt being attached as an exhibit, the protest indorsed upon it, the originals averred to be in possession of defendant.

The answer, admitting the incorporation of defendant and the issue of the policy, which was attached as an exhibit to the answer, admits that plaintiff and Blockburger and Taylor claimed and represented to defendant that the property so insured by the policy had been wholly destroyed by fire and that defendant had become liable to pay them on account of the policy

the five thousand dollars and had demanded payment thereof; that thereupon defendant, not being advised and having no knowledge or information of the facts and circumstances afterwards set out, agreed to pay the loss and to that end had caused to be drawn the draft. Excepting as above admitted defendant denied all the other allegations in the petition. As a further answer, defendant avers "that long prior to the time when it issued said policy of insurance, at said time, and at all the times herein mentioned, the plaintiff and others had combined and conspired together for the purpose of acquiring properties and equities in properties in the city and county of St. Louis and elsewhere, with a view to procuring fire insurance thereon, grossly in excess of the value of said properties and equities, causing the same to be destroyed by fire, and collecting such insurance from insurance companies insuring the same. That pursuant to said iniquitous and fraudulent combination and conspiracy, the plaintiff and others acquired the property described in said policy of insurance issued by the defendant, procured fire insurance thereon, including the policy issued by the defendant, grossly in excess of the value of said property, caused the same to be destroyed by fire, and demanded of the defendant the payment of five thousand dollars on account of said destruction of said property covered by its said policy. That not knowing of said fraudulent combination and conspiracy, and not knowing that the plaintiff and others had procured said property to be insured in a sum grossly in excess of its value, and not knowing that they had procured the same to be destroyed by fire, but believing that the policy issued by it covering said property was bona fidely obtained in the usual course of business, and that the representations made for the purpose of procuring the same were true, and not knowing otherwise, and for the purpose of paying said loss, it issued to said George O. Blockburger and S. C.

Taylor its said draft, hereinabove referred to, a copy of which is attached to plaintiff's petition and identified as 'Exhibit A.'

"Wherefore, the premises considered, the defendant prays, first, that the said policy of insurance issued by it to George O. Blockburger, a copy of which is attached hereto and identified as 'Exhibit A,' be by the decree of this court cancelled and annulled; second, that said certain order or draft drawn by it upon itself, and a copy of which is attached to plaintiff's petition, identified as 'Exhibit A,' be by the order and decree of this court cancelled and annulled; and, third, for such other and further relief in the premises as to the court may seem meet and just."

The reply was a general denial of the affirmative averments of the answer. The case was tried as in law by the court and a jury.

The court gave several instructions at the instance of the parties, refusing most of those asked by plaintiff, which, in effect, were peremptory instructions to find for plaintiff. Among the instructions given at the instance of defendant was the usual general instruction, to the effect that the jury were the judges of the credibility of witnesses and the weight to be given to the testimony of each witness. It also gave this, marked "defendant's instruction IV:"

"The court instructs the jury that while the law permits the plaintiff to testify in his own behalf, nevertheless the jury have a right in weighing his testimony and in considering how much credence is to be given it, to take into consideration the fact that he is the plaintiff, and his interest in the result of the suit."

Exception was duly saved by plaintiff to the giving and refusal of the instructions.

The jury returned a verdict in favor of defendant "on both counts of the petition." A motion for new trial was duly filed, which being overruled, the plaintiff excepting, duly perfected his appeal to this court.

In the view which we take of this case it is not necessary to set out either the evidence or the other instructions given or refused. It is sufficient to say that there was evidence tending to support the allegations in the answer. We are compelled to reverse the judgment for error in giving the fourth instruction above set out.

In State v. Maguire, 69 Mo. 197, l. c. 202, and State v. Dower, 134 Mo. App. 352, l. c. 358, 114 S. W. 1104, it is held that under what is now section 5242, Revised Statutes 1909, such an instruction is proper in a criminal case. But in Stetzler v. Metropolitan St. R. Co., 210 Mo. 704, l. c. 713, 109 S. W. 666, and in Huff v. St. Joseph Ry., Light, Heat & Power Co., 213 Mo. 495, l. c. 515, 111 S. W. 1145, it is held that giving an instruction of that kind in a civil case is reversible error. In fact the judgment was reversed in the latter case solely for error in giving a similar instruction. As the case will be remanded, we refrain from any comment on any other rulings at the trial, as on a new trial the matters now presented and here complained of, may not again rise.

The judgment of the circuit court is reversed and the cause remanded. *Nortoni* and *Caulfield, JJ.,* concur.

